UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

| | |
|---|---|
| RAFAEL RAMIREZ, | 20-CV-4287 (AMD)(JO) |
| Plaintiffs, | |
| -against- | COUNTY DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT |
| THE COUNTY OF NASSAU, THE CITY OF NEW YORK, NASSAU COUNTY DETECTIVE FRANK LECKLER, NASSAU COUNTY LIEUTENANT JOHN PAPADAKIS, UNIDENTIFIED NASSAU COUNTY POLICE OFFICERS and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS, all sued in their capacity as individuals, | <u>JURY TRIAL DEMANDED</u> |
| Defendants. | |

------------------------------------------------------------------------ X

Defendants County of Nassau, Nassau County Detective Frank Leckler and Nassau County Lieutenant John Papadakis (hereinafter collectively "County Defendants"), by their attorney, Jared A. Kasschau, Nassau County Attorney, by Pablo A. Fernandez, Deputy County Attorney, as and for their Answer to Plaintiff's Complaint (the "Complaint") respond as follows:

1. Deny the allegations set forth in unnumbered paragraph preceding section Jurisdiction and Venue of the Complaint.

**AS AND FOR A RESPONSE TO SECTION JURISDICTION AND VENUE**

2. Deny the allegations set forth in paragraph "1" of the Complaint.

3. Deny the allegations set forth in paragraph "2" of the Complaint and respectfully refer all issues of law to the Court.

4. Deny the allegations set forth in paragraph "3" of the Complaint and respectfully refer all issues of law to the Court.

5. Deny the allegations set forth in paragraph "4" of the Complaint and respectfully refer all issues of law to the Court.

6. Deny the allegations set forth in paragraph "5" of the Complaint and respectfully refer all issues of law to the Court.

**<u>AS AND FOR A RESPONSE TO SECTION: PARTIES</u>**

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

8. Deny the allegations set forth in paragraph "7" of the Complaint except aver that Defendant County of Nassau is a municipal corporation duly organized and existing pursuant to the laws of the State of New York with its offices located in Mineola, New York.

9. Deny the allegations set forth in paragraph "8" of the Complaint except to aver that the Nassau County Police Department is an administrative arm of the County of Nassau.

10. Deny the allegations set forth in paragraph "9" of the Complaint except to aver that Frank Leckler and John Papadakis are natural persons.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

14. Deny the allegations set forth in paragraph "13" of the Complaint and respectfully refer all issues of law to the Court.

15. Deny the allegations set forth in paragraph "14" of the Complaint and respectfully refer all issues of law to the Court.

16. Deny the allegations set forth in paragraph "15" of the Complaint and respectfully refer all issues of law to the Court.

### AS AND FOR A RESPONSE TO SECTION: CONDITIONS PRECEDENT

17. Deny the allegations set forth in paragraph "16" of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth paragraph "17" of the Complaint.

19. Deny the allegations set forth paragraph "18" of the Complaint.

20. Deny the allegations set forth in paragraph "19" of the Complaint.

21. Deny the allegations set forth paragraph "20" of the Complaint.

22. Deny the allegations set forth paragraph "21" of the Complaint.

23. Deny the allegations set forth paragraph "22" of the Complaint.

### AS AND FOR A RESPONSE TO SECTION: NATURE OF CLAIM

24. Deny the allegations set forth in paragraph "23" of the Complaint.

25. Deny the allegations set forth in paragraph "24 of the Complaint and respectfully refer all issues of law to the Court.

26. Deny the allegations set forth in paragraph "25" of the Complaint.

27. Deny the allegations set forth in paragraph "26" of the Complaint.

28. Deny the allegations set forth in paragraph "27" of the Complaint.

29. Deny the allegations set forth in paragraph "28" of the Complaint.

30. Deny the allegations set forth in paragraph "29" of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

32. Deny the allegations set forth in paragraph "31" of the Complaint.

33. Deny the allegations set forth in paragraph "32" of the Complaint.

**AS AND FOR A RESPONSE TO PLAINTIFF'S FIRST CAUSE OF ACTION**

34. Answering paragraph "33" of the Complaint, County Defendants repeat and reaver each and every response herein to paragraphs "1" through "32" of the Complaint as if though fully set forth herein.

35. Deny the allegations set forth in paragraph "34" of the Complaint.

36. Deny the allegations set forth in paragraph "35" of the Complaint.

37. Deny the allegations set forth in paragraph "36" of the Complaint.

38. Deny the allegations set forth in paragraph "37" of the Complaint.

39. Deny the allegations set forth in paragraph "38" of the Complaint.

40. Deny the allegations set forth in paragraph "39" of the Complaint.

**AS AND FOR A RESPONSE TO PLAINTIFF'S SECOND CAUSE OF ACTION**

41. Answering paragraph "40" of the Complaint, County Defendants repeat and reaver each and every response herein to paragraphs "1" through "39" of the Complaint as if though fully set forth herein.

42. Deny the allegations set forth in paragraph "41" of the Complaint.

43. Deny the allegations set forth in paragraph "42" of the Complaint.

44. Deny the allegations set forth in paragraph "43" of the Complaint.

45. Deny the allegations set forth in paragraph "44" of the Complaint.

46. Deny the allegations set forth in paragraph "45" of the Complaint.

## AS AND FOR A RESPONSE TO PLAINTIFF'S THIRD CAUSE OF ACTION

47. Answering paragraph "46" of the Complaint, County Defendants repeat and reaver each and every response herein to paragraphs "1" through "45" of the Complaint as if though fully set forth herein.

48. Deny the allegations set forth in paragraph "47" of the Complaint.

49. Deny the allegations set forth in paragraph "48" of the Complaint.

50. Deny the allegations set forth in paragraph "49" of the Complaint.

51. Deny the allegations set forth in paragraph "50" of the Complaint.

52. Deny the allegations set forth in paragraph "51" of the Complaint.

## AS AND FOR A RESPONSE TO PLAINTIFF'S FOURTH CAUSE OF ACTION

53. Answering paragraph "52" of the Complaint, County Defendants repeat and reaver each and every response herein to paragraphs "1" through "51" of the Complaint as if though fully set forth herein.

54. Deny the allegations set forth in paragraph "53" of the Complaint.

55. Deny the allegations set forth in paragraph "54" of the Complaint.

56. Deny the allegations set forth in paragraph "55" of the Complaint.

57. Deny the allegations set forth in paragraph "56" of the Complaint.

## AS AND FOR A RESPONSE TO PLAINTIFF'S FIFTH CAUSE OF ACTION

58. Answering paragraph "57" of the Complaint, County Defendants repeat and reaver each and every response herein to paragraphs "1" through "56" of the Complaint as if though fully set forth herein.

59. Deny the allegations set forth in paragraph "58" of the Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Complaint.

61. Deny the allegations set forth in paragraph "60" of the Complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Complaint.

63. Deny the allegations set forth in paragraph "62" of the Complaint.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Complaint.

65. Deny the allegations set forth in paragraph "64" of the Complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Complaint.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Complaint.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the Complaint.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the Complaint.

72. Deny the allegations set forth in paragraph "71" of the Complaint.

73. Deny the allegations set forth in paragraph "72" of the Complaint.

74. Deny the allegations set forth in paragraph "73" of the Complaint.

75. Deny the allegations set forth in paragraph "74" of the Complaint.

76. Deny the allegations set forth in paragraph "75" of the Complaint.

77. Deny the allegations set forth in paragraph "76" and its subsections "a" through "r" of the Complaint.

78. Deny the allegations set forth in paragraph "77" of the Complaint.

79. Deny the allegations set forth in paragraph "78" of the Complaint.

80. As no allegation is contained in paragraph "6" [sic] following numbered paragraph "78" of the Complaint no response is required. County Defendants hereby demand a Jury Trial.

## AFFIRMATIVE DEFENSES

81. Plaintiff's Complaint and each and every claim set forth therein, fails to state a claim upon which relief can be granted.

82. The alleged acts or omissions of the named Defendants herein, and/or any agents, servants or employees, under the case of *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), do not create vicarious liability against the County of Nassau pursuant to the doctrine of respondeat superior and consequently the County of Nassau cannot be liable for any acts or conduct of any individual defendant herein, and/or agents, servants or employees with respect to any or all claims brought pursuant to 42 U.S.C. Section 1983.

83. The actions complained of herein were in full accord with the applicable law.

84. County Defendants have not violated Plaintiff's Constitutional and statutory rights.

85. That at all times herein mentioned and mentioned in the complaint, the police officers, and/or agents, servants or employees of the Defendant County of Nassau, having anything to do with the Plaintiff were in the performance of their respective duties as police officers, and/or agents, servants or employees of the Defendant County of Nassau; that all of the acts performed by each police officer, peace officer, and/or agent, servant or employee of the Defendant County of Nassau in connection with the Plaintiff were performed in good faith, without malice, and with reasonable and proper cause.

86. That the use of such physical foce employed by the County Defendants in effectuating the arrest of Plaintiff was reasonable and justified. That the plaintiff resisited a lawful arrest, and use of physical force by the County Defendants was necessary and proper to overcome the Plaintiff's unlawful resistance.

87. Plaintiff's claims are barred by the applicable statutes of limitation.

88. Plaintiff has not complied with § 50-e and/or 50-I and/or 50-h of the General Municipal Law of the State of New York.

89. Plaintiff has failed to exhaust his administrative remedies.

90. Plaintiff's claims are barred by the doctrines of *collateral estoppel* and *res judicata*.

91. The County of Nassau, its agencies, departments and employees at all applicable times herein enjoyed a full, partial or qualified immunity from civil suit.

92. That should Plaintiff recover damages as a result of a finding of liability in whole or in part against County Defendants, such recovery should be reduced and diminished to the degree of comparative negligence of Plaintiff in contributing to such damage.

93. That if the Plaintiff sustained the damages as alleged in the Complaint, such damages were sustained solely through and by virtue of the negligent reckless and/or wrongful conduct of the Plaintiff without any negligence reckless and/or wrongful conduct of the Defendant Nassau County, its agents servants or employees contributing thereto.

94. Plaintiff has failed to mitigate damages in this matter.

95. Punitive damages may not be recovered against the County of Nassau as a matter of law.

96. Plaintiff's claims re barred by the *Heck* doctrine.

97. Upon information and belief, the costs incurred, or paid by Plaintiff, if any, for medical care, dental care, custodial or rehabilitation services, loss of earnings or other economic loss, in the past or future, were or will, with reasonable certainty be replaced or indemnified, in whole or in part, from a collateral source of the type described in CPLR § 4545 and defendant is entitled to have any award reduced in the amount of such payments.

98. That should Plaintiff recover damages as a result of a finding of liability in whole or in part against County Defendants, such recovery should be reduced and diminished to the degree of comparative negligence of Plaintiff in contributing to such damage.

99. Pursuant to CPLR 1603, County Defendant asserts the limitations contained in CPLR 1601 and 1602 and all rights contained therein.

100. Pursuant to General Obligations Law§ 15-108 and the ruling in *Williams v. Niske*, 81 N.Y.2d 437, 599 N.Y.S.2d 519, these answering defendants demand a set-off corresponding to the amount of any settlement reached with any other tortfeasor(s) involved in the operative facts of this lawsuit, whether or not they are currently named as defendants herein.

**WHEREFORE**, County Defendants respectfully request an Order dismissing the Complaint with prejudice and such other and further relief as this Court deems just and proper.

Dated: Mineola, New York
      October 13, 2020

JARED A. KASSCHAU
Nassau County Attorney

BY:   */S PAblo A. Fernandez*
Pablo A. Fernandez
Deputy County Attorney
Attorney for County Defendants
One West Street
Mineola, New York 11501
516-571-5775
*Attorney for County Defendants*

TO:   Fred Brian Lichtmacher
The Law Office of Fred Lichtmacher P.C.
116 West 23rd Street, Floor 5
New York, NY 10011
*Via First Class Mail and ECF*

Steven T. Halperin
Halperin & Halperin PC
18 E. 48th St., Suite 2200
New York, NY 10017
*Via First Class Mail and ECF*

10