UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X         **20-CV-4287 AMD-RER**
CATHERINE INFANTE AS PARENT AND GUARDIAN OF
HER INFANT SON J.D.R.,

                                           Plaintiff,         **AMENDED COMPLAINT**

       -against-
                                                **JURY TRIAL DEMANDED**

THE COUNTY OF NASSAU,
THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER EUGENE COUGHLIN,
NASSAU COUNTY DETECTIVE MICHAEL GUERRA,
NASSAU COUNTY DETECTIVE JONATHAN PANUTHOS,
NASSAU COUNTY DETECTIVE DENNIS WUNSCH,
NASSAU COUNTY DETECTIVE DAMIEN SUAREZ,
NASSAU COUNTY DETECTIVE FRANK LECKLER,
NASSAU COUNTY POLICE OFFICER RAYMOND BUTTACAVOCI,
NASSAU COUNTY POLICE OFFICER DONALD JOHNSON,
UNIDENTIFIED NASSAU COUNTY POLICE OFFICERS
and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS,
all sued in their capacity as individuals,
                                    Defendants.
-------------------------------------------------------------------X

       Plaintiff, Catherine Infante as Parent and Guardian of Her Infant Son J.D.R., by her

attorneys, the Law Office of Fred Lichtmacher P.C., complaining of the defendants herein,

respectfully alleges as follows:

       This civil rights action arises from the unjustified use of excessive force, denial of

medical care, battery, assault and negligence by the defendants Nassau County, City of New

York, as well as, Nassau County and New York City police officers.

## JURISDICTION AND VENUE

1.     Jurisdiction is founded upon the existence of a Federal Question.

2.     This is an action to redress the deprivation under color of statute, ordinance, regulation,

custom, or usage of rights, privileges, and immunities secured to Ramirez by the Fourth

and Fourteenth Amendments to the Constitution of the United States pursuant to 42

U.S.C. § 1983 and the common law of the State of New York.

3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(3 & 4).

4.    Venue is appropriate pursuant to 28 U.S.C. §1391 (a) (1) (b) (1&2) because events

forming the basis of this Complaint occurred first within the Borough of Queens.

5.    This Court has jurisdiction to hear Ramirez's state claims pursuant to 28 U.S.C. § 1367.

**PARTIES**

6.    At all times hereinafter mentioned, plaintiff Catherine Infante was and is the Parent and

Guardian of her infant son J.D.R., the sole beneficiary of the estate of the  now deceased

predecessor plaintiff Rafael Ramirez and she is a resident of the City, County and State of

New York.

7.    On August 31, 2022 Rafael Ramirez passed away from causes unrelated to the events

before this Court.

8.    On May 11, 2023 the Surrogate's Court of the County of New York granted Catherine

Infante "Letters of Guardianship 17 with Limitations Property Only" for her son "J.D.R."

enabling her to be the successor plaintiff herein on behalf of her infant son J.D.R.

9.    Upon information and belief, at all times hereinafter mentioned, defendant County of

Nassau (hereinafter, "Nassau") was and still is a municipal corporation authorized and

existing pursuant to the laws of the State of New York.

10.   Upon information and belief, at all times hereinafter mentioned, defendant Nassau, its

agents, servants and employees operated, maintained and controlled the Nassau County

Police Department (hereinafter, the "NCPD"), which acts as its agent in the area of law enforcement and for which Nassau is ultimately responsible.

11.    Upon information and belief, at all times hereinafter mentioned, defendants Nassau County Detective Michael Guerra, Nassau County Detective Jonathan Panuthos, Nassau County Detective Dennis Wunsch, Nassau County Detective Damien Suarez, Nassau County Detective Frank Leckler, Nassau County Police Officer Raymond Buttacavoci, Nassau County Police Officer Donald Johnson, and Unidentified Nassau County Police Officers, were acting as employees and within the scope of their employment by Nassau and the NCPD and all the named individuals who are defendants were acting as state actors acting under color of law, and are sued herein in their individual capacities.

12.    Upon information and belief, at all times hereinafter mentioned, the City of New York (hereinafter, "NYC") was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

13.    Upon information and belief, at all times hereinafter mentioned, defendant NYC, its agents, servants and employees operated, maintained and controlled the New York City Police Department (hereinafter, the "NYPD"), which acts as its agent in the area of law enforcement and for which NYC is ultimately responsible.

14.    Upon information and belief, at all times hereinafter mentioned, defendant NYPD Police Officer Eugene Coughlin was acting as an employee of NYC and within the scope of his employment with the NYPD and he was acting as a state actor acting under color of law, and is sued herein in his individual capacity.

15.    Upon information and belief, at all times hereinafter mentioned, defendants Unidentified

New York City Police Officers were acting as employees and within the scope of their employment by NYC and the NYPD and as state actors acting under color of law, and are sued herein in their individual capacities.

16. Defendants NASSAU and NYC are vicariously liable to the plaintiff for the defendant police officers' common law torts via the principle of *respondeat superior*.

17. This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments and under the Civil Rights Act, Title 42 of the United States Code, Section 1983 as well as under the common law of the State of New York.

18. All of the acts of the defendants and each of them alleged herein were done by the defendants, acting as state actors acting under color of law.

## CONDITIONS PRECEDENT

19. On or about June 12, 2020, and within ninety days after his claims arose, the now deceased Rafael Ramirez served and filed a Notice of Claim upon defendant Nassau, by delivering true copies thereof to the person designated by law as a person to whom such claims may be served, and as of this date Ramirez's demand for payment has not been addressed by the defendants.

20. On or about June 12, 2020, and within ninety days after his claims arose, then plaintiff Rafael Ramirez served and filed a Notice of Claim upon defendant NYC, by delivering true copies thereof to the person designated by law as a person to whom such claims may be served, and as of this date Ramirez's demand for payment has not been addressed by the defendants.

21. The aforementioned Notices of Claim were in writing and sworn to by Ramirez, and contained the names and post office addresses where correspondence could be received by Ramirez and by his attorneys, the nature of the claims, the time when, the place where and manner by which the claims arose, and damages and injuries claimed to have been sustained.

22. Ramirez' testimony pursuant to General Municipal Law §50-h was never noticed or taken.

23. More than thirty (30) days have elapsed since the service of the aforementioned Notice of Claim and adjustment or payment thereof has been neglected or refused.

24. The state claims in this cause of action are commenced within one year and ninety (90) days of when these causes of action arose; and the federal claims are brought in a timely manner within three years of the date they accrued.

25. CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

**NATURE OF CLAIM**

26. On April 21, 2020 between approximately 11:45 PM and 12:00 AM at the 7-Eleven/Hess Service Station located at 99-49 Horace Harding Expressway, Corona, New York 11368, defendant Nassau County Detective Michael Guerra was driving a NCPD police vehicle (hereinafter "RMP") with Detective Jonathan Panuthos as the passenger, when Detective Guerra intentionally rammed his police issued motor vehicle into Rafael Ramirez, crushing him between the front of the RMP and a gas pump, and causing him severe injuries, including multiple fractures.

27. Subsequent to the foregoing collision and with the intent of further causing injury to Mr.

Ramirez, defendants Nassau County Detectives Dennis Wunsch and Damien Suarez tackled Ramirez extremely forcefully to the ground, handcuffed him, and thereafter stood with a knee and/or foot on his neck while he was handcuffed and restrained, and then dragged him across the pavement, without any necessity to use the extreme and unreasonable force the officers employed.

28.  Upon information and belief, each and every one of the defendants Nassau County detectives were completely aware that Ramirez, who was screaming in agony, was severely injured; but rather than taking Ramirez directly to an emergency room, chose instead to forcefully pull Ramirez to an RMP and take him to an NCPD precinct for interrogation which lasted approximately five hours before they obtained an ambulance for Ramirez who did express repeatedly being in severe pain.

29.  Upon information and belief, those named Nassau County detectives who were not on the scene of Ramirez becoming injured, were with Ramirez in the Nassau precinct and they waited approximately 5 hours with Ramirez demonstrating he was in severe pain before getting him medical assistance.

30.  NYPD Police Officer Eugene Coughlin arrived at the 7-Eleven/Hess Service Station by RMP after Ramirez was struck by the Nassau County Officers' vehicle.

31.  Officer Coughlin observed at close range that Ramirez was injured; upon information and belief he heard him screaming in pain; he saw him having trouble ambulating; but he took no action to get Ramirez the medical attention he desperately needed and watched as he was placed in a NCPD vehicle by the Nassau County defendants and driven away while he was still screaming in pain.

-6-

32.  Coughlin made no attempt to intervene to prevent Ramirez' rights from being violated by his being denied medical care by the Nassau County officers.

33.   Coughlin contributed to such denial of Ramirez' rights by failing to stop the violation of his rights which he observed and had the opportunity to prevent and which he was obligated to do.

34.  Neither did Coughlin attempt to get Ramirez the medical care he needed which Coughlin was obligated to do.

35.  During the trip to the NCPD precinct, defendants Nassau County Police Officers Raymond Buttacavoci, and Donald Johnson, upon information and belief intentionally further harmed Ramirez by kicking, prodding, dragging and squeezing Ramirez' injured limbs.

36.  At the NCPD precinct, the severely injured Ramirez was interrogated for hours while in severe pain pleading for medical help.

37.  Defendants refused to provide Ramirez with medical treatment until he gave them a written statement, after which defendants finally summoned an ambulance to take him to a hospital.

38.  On April 21, 2020, Ramirez underwent an ORIF surgical procedure for the repair of fractures to his ankle.

39.  By reason of the foregoing, Ramirez endured extreme pain, he suffered fractured bones, he is scarred, he was otherwise severely harmed physically, emotionally and otherwise.

40.  By denying Ramirez immediate needed medical treatment, his injuries were exacerbated and his pain and suffering was significantly increased.

-7-

**AS AND FOR A FIRST, SEPARATE & DISTINCT
CAUSE OF ACTION
VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
THE USE OF EXCESSIVE AND UNREASONABLE FORCE**

41.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

42.    Ramirez' rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that Ramirez was unlawfully subjected to excessive and unreasonable force, by the defendants, Nassau County Detective Michael Guerra who intentionally struck him with an RMP.

43.    Upon information and belief Ramirez was subjected to further excessive and unnecessary force by Nassau County Police Officers Raymond Buttacavoci, and Donald Johnson who during the ride to the Nassau precinct further intentionally, maliciously and sadistically caused Ramirez injury by kicking, prodding, dragging and squeezing his injured limbs.

44.    The excessive force which Ramirez was subjected to, was effected by defendants and each of them without authority of law and without any reasonable necessity to use the excessive and unreasonable force that was employed, and the amount of force employed was used without legal justification, without Ramirez' consent, with malice and with intent to inflict pain and suffering.

45.    There was no reason to employ the excessive and unreasonable force employed by intentionally striking Ramirez with an RMP, for defendants Nassau County Detective Dennis Wunsch and Nassau County Detective Damien Suarez, tackling him, slamming

him to the ground, standing on his neck, dragging his injured body across the pavement

into defendants' RMP to take him for interrogation as well as by defendants Police

Officer Raymond Buttacavoci, and Nassau County Police Officer Donald Johnson

injuring him further while he was handcuffed and in their RMP.

46.    The individual police officers had no reason to use their RMP to strike the Ramirez, and

they did so with malice and an intent to injure Ramirez, which they succeeded in doing.

47.    The actions by defendants and each of them caused Ramirez to sustain severe physical

injuries, fractures, emotional harms, he has had medical treatment including but not

limited to ORIF surgery, and he was otherwise harmed.

48.    By reason of the aforesaid, the plaintiff has been damaged in an indeterminate sum of not

less than FIVE MILLION ($5,000,000.00) DOLLARS; and in addition, plaintiff is

entitled to an award of punitive damages and an award of attorneys' fees is appropriate

pursuant to 42 U.S.C. §1988.

### AS AND FOR A SECOND, SEPARATE & DISTINCT
### CAUSE OF ACTION
### VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS
### VIA THE DEFENDANTS' DENIAL OF TIMELY MEDICAL CARE

49.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior

paragraphs with the same force and effect as is more fully and at length set forth herein.

50.    Plaintiff's rights have been violated pursuant to the Fourth Amendment and Fourteenth

amendments via the defendants' denying Ramirez  prompt, necessary, medical care.

51.    Defendants and each of them were aware that Ramirez had sustained severe physical

injuries, including fractures, as a consequence of the aforementioned collision.

52.    Defendants and each of them were aware that Ramirez was in significant pain following the aforementioned collision.

53.    The actions and inactions by defendants and each of them caused Ramirez to suffer additional physical and emotional injuries, as well as pain.

54.    By reason of the aforesaid, plaintiff has been damaged in an indeterminate sum of not less than FIVE MILLION ($5,000,000.00) DOLLARS; and in addition, plaintiff is entitled to an award of punitive damages in an indeterminate sum, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A THIRD, SEPARATE & DISTINCT
CAUSE OF ACTION
COMMON LAW BATTERY**

55.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

56.    Defendant Nassau is liable for the individual defendants' Nassau County Police Officers' battery of Ramirez via the principal of *respondeat superior* in that the individual defendants made unconsented bodily contact with Ramirez, the bodily contact was made with intent, and such contact was offensive in nature.

57.    The battery consisted of, but was not limited to, purposely striking Ramirez with an RMP, tackling Ramirez, slamming Ramirez into the ground, choking Ramirez by standing on Ramirez's neck and dragging the injured Ramirez across the pavement into an RMP as well as upon information and belief injuring him further while he was handcuffed and in their RMP.

58.    As a direct result of the individual defendants' intentional behavior, Nassau is liable to

the plaintiff for a battery.

59.    By reason of the battery, Ramirez was caused to sustain severe physical injuries,

fractures, emotional harms, he has had medical treatment including but not limited to

ORIF surgery and he was otherwise harmed.

60.    By reason of the aforesaid, the plaintiff has been damaged in an indeterminate sum of not

less than FIVE MILLION ($5,000,000.00) DOLLARS.

### AS AND FOR A FOURTH, SEPARATE & DISTINCT
### CAUSE OF ACTION
### COMMON LAW ASSAULT

61.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior

paragraphs with the same force and effect as is more fully and at length set forth herein.

62.    Defendant Nassau is liable for the individual Nassau County defendants' common law

tort of assault committed against Ramirez via the principal of *respondeat superior.*

63.    Ramirez was unnecessarily placed in an imminent apprehension of a harmful unconsented

bodily contact.

64.    By reason of the individual defendants' intentional behavior, Nassau is liable to plaintiff

for an assault, inasmuch as Ramirez, after he was already severely injured, was made to

fear an additional imminent offensive unconsented bodily contact which caused him to be

emotionally harmed while already in great pain.

65.    By reason of the aforesaid, plaintiff has been damaged in an indeterminate sum not less

than FIVE MILLION ($5,000,000.00) DOLLARS.

### AS AND FOR A FIFTH, SEPARATE & DISTINCT
### CAUSE OF ACTION
### COMMON LAW NEGLIGENCE/VIOLATION OF

## NEW YORK STATE VEHICLE AND TRAFFIC LAW

66.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

67.    Upon information and belief, at all times hereinafter mentioned, defendant NASSAU was and still is the titled owner of a certain unmarked RMP which struck Ramirez on April 21, 2020 between approximately 11:45 PM and 12:00 AM at the 7-Eleven/Hess Service Station located at 99-49 Horace Harding Expressway, Corona, New York, 11368.

68.    Upon information and belief, at all times hereinafter mentioned, defendant NASSAU managed the aforementioned RMP.

69.    Upon information and belief, at all times hereinafter mentioned, defendant NASSAU maintained the aforementioned RMP.

70.    Upon information and belief, at all times hereinafter mentioned, defendant NASSAU controlled the aforementioned RMP.

71.    Upon information and belief, at all times hereinafter mentioned, defendants Nassau County Detective Michael Guerra, and Nassau County Detective Jonathan Panuthos, operated the aforementioned RMP.

72.    Upon information and belief, at all times hereinafter mentioned, the aforementioned RMP was operated with the permission and consent, express or implied, of the owner of said vehicle.

73.    Upon information and belief, on April 21, 2020 between approximately 11:45 PM and 12:00 PM, Ramirez was a pedestrian lawfully walking back to a vehicle in which he was previously a passenger which was parked in the vicinity of the gas pump bays of the 7-

Eleven/Hess Service Station located at 99-49 Horace Harding Expressway, Corona, New York, 11368.

74. On April 21, 2020 between approximately 11:45 PM and 12:00 PM, the aforementioned RMP was being operated in the vicinity of the gas pump bays of the 7-Eleven/Hess Service Station located at 99-49 Horace Harding Expressway, Corona, New York, 11368.

75. Upon information and belief, on April 21, 2020 between approximately 11:45 PM and 12:00 PM, the aforementioned RMP was being operated at an excessive rate of speed by one or more of the defendants in the vicinity of the gas pump bays of the 7-Eleven/Hess Service Station located at 99-49 Horace Harding Expressway, Corona, New York, 11368.

76. Upon information and belief, on April 21, 2020 between approximately 11:45 PM and 12:00 AM at the7-Eleven/Hess Service Station located at 99-49 Horace Harding Expressway, Corona, New York, 11368, the aforementioned RMP owned, operated, maintained and controlled by Nassau County and operated by Nassau County Detective Michael Guerra, and Nassau County Detective Jonathan Panuthos, struck Ramirez, crushing him between the front of the RMP and a gas pump, and causing Ramirez to sustain severe injuries, including multiple fractures.

77. The aforesaid occurrence and the resultant injuries sustained by Ramirez were caused solely by reason of the negligent conduct of the defendants and each of them by and through their officers, agents, employees and/or subcontractors of the NCPD who were engaged in the operation of the RMP motor vehicle.

78. In particular, it is alleged that the aforesaid occurrence and the resultant injuries sustained by Ramirez were caused by and through the negligence, carelessness, recklessness,

intentional conduct and wanton disregard on the part of the defendants and each of them by and through their officers, agents, employees and/or subcontractors, and members of the NCPD, as follows:

(a) In the ownership, management, operation, maintenance and control of the aforementioned RMP motor vehicle;

(b) In operating the aforementioned RMP motor vehicle in a careless and imprudent manner under the conditions then and there existing;

(c) In operating the aforementioned RMP motor vehicle at an excessive and dangerous rate of speed or at such rate of speed that care and caution would permit under the circumstances then and there existing;

(d) In operating the aforementioned RMP motor vehicle at an excessive and dangerous rate of speed or at such rate of speed that care and caution would permit under the circumstances then and there existing;

(e) In failing to equip the aforesaid RMP motor vehicle with appropriate safety and emergency equipment in compliance with law;

(f) In failing to equip the aforementioned RMP motor vehicle with proper brakes; in failing to make proper application of the brakes; in failing to apply the brakes in time;

(g) In failing to look;

(h) In failing to see;

(i) In failing to stop;

(j) In failing to yield;

-14-

(k) In failing to observe the roadway;

(l) In failing to observe the parking and service station area;

(m) In failing to observe the service station gas pumps located within the parking and service station area;

(n) In failing to observe pedestrians in the parking and service station area;

(o) In failing to yield to pedestrians in the parking and service station area;

(p) In failing to regulate speed within a busy parking and service station area;

(q) In failing to maintain the aforesaid motor vehicle under due and proper control;

(r) In failing to sound horn or give any signal, notice or warning;

(s) In permitting the vehicle to lose control and collide with a pedestrian; in purposely striking a pedestrian; in negligently or intentionally striking a pedestrian;

(t) In negligently or intentionally crushing Ramirez between the front bumper of the subject vehicle and a service station pump;

(u) In failing to avoid striking Ramirez although the operator had a full opportunity to avoid same;

-15-

(v) In failing to comply with the statutes, laws and ordinances made and provided for vehicular traffic on the highways of the State of

New York;

(w) In failing to comply with the statutes, laws and ordinances made and provided for vehicular traffic on the highways of the City of New York;

(x) In failing to comply with the rules and regulations applicable to police or emergency vehicles promulgated by NYC, Nassau, NCPD and/or NYPD;

(y) In failing to avoid a collision although the defendants and each of them by and through their officers, agents, employees and/or subcontractors had a full opportunity to avoid same; and

(z) In otherwise being careless, negligent and reckless in the happening of the aforesaid occurrence.

79.   Ramirez was in no way negligent in the happening of the aforesaid occurrence.

80.   By reason of the negligence and recklessness of the defendants and each of them as aforesaid, Ramirez was caused to sustain serious and severe personal injuries which are permanent in nature; has been caused great pain and suffering; has been caused to be rendered sick, sore, lame and disabled; has been caused to be incapacitated from his usual duties, activities and employment; has been caused to expend large sums of money in an effort to cure himself of said injuries; and he was caused to be incapacitated from his usual duties and activities.

81.   By reason of the foregoing, Ramirez has sustained a serious personal injury greater than that as defined in Subdivision (d) of Section 5102 of The Insurance Law of The State of

New York and has sustained a serious economic loss greater than that as defined in

Subdivision (a) of Section 5102 of The Insurance Law of The State of New York.

82.    By reason of the foregoing, plaintiff is entitled to recover for noneconomic loss and for all

economic losses sustained.

83.    By reason of the aforesaid, plaintiff has been damaged in an indeterminate sum not less

than FIVE MILLION ($5,000,000.00) DOLLARS.

**WHEREFORE**, plaintiff demands judgment against the defendants and each of

them, as follows:

1. Declaratory relief finding that Ramirez' rights under the United States

Constitution were violated;

2. Compensatory damages to Ramirez in an amount to be determined at trial

in the sum of not less than FIVE MILLION ($5,000,000.00) DOLLARS;

3. By reason of the wanton, willful and malicious character of the conduct

complained of herein, punitive damages against the individual defendants in an amount to

be determined by the trier of fact;

4. An award to plaintiff of the costs and disbursements herein;

5. An award of attorneys' fees under 42 U.S.C. §1988; and

6. A trial by jury of all issues set forth in this complaint; and such other and

further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
       June 8, 2023

_____
/s/
FRED LICHTMACHER FL-5341

-17-

The Law Office of Fred Lichtmacher P.C.
Counsel for plaintiff Catherine Infante
116 West 23rd Street Suite 500
New York, New York 10011
(212) 922-9066


TO:    Steven C. Stern
       Sokoloff Stern LLP
       Attorneys for Defendants Nassau County, and Nassau County Detective Frank Leckler,
       179 Westbury Avenue
       Carle Place, NY 11514
       (516)334-4500
       Fax: (516)334-4501
       Email: sstern@sokoloffstern.com


TO     Nassau County Police Officers Nassau County Detective Michael Guerra, Nassau County
       Detective Jonathan Panuthos, Nassau County Detective Dennis Wunsch, Nassau County
       Detective Damien Suarez, Nassau County Police Officer Raymond Buttacavoci, and
       Nassau County Police Officer Donald Johnson
       Nassau County Police Department
       1490 Franklin Avenue
       Mineola, NY 11501


To:    Andrea Osgood
       New York City Law Department
       Attorneys for Defendant
       The City of New York
       Special Federal Litigation
       100 Church Street
       Ste 3-308
       New York, NY 10007
       212-356-2424
       Email: aosgood@law.nyc.gov


To:    Police Officer Eugene Coughlin
       110th Precinct
       94-41 43rd Ave.
       Elmhurst, NY, 11373-2853

-19-