UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
RAFAEL RAMIREZ,

                              Plaintiff,

  -against-

THE COUNTY OF NASSAU, THE CITY OF NEW YORK, NASSAU COUNTY DETECTIVE FRANK LECKLER NASSAU COUNTY LIEUTENANT JOHN PAPADAKIS, UNIDENTIFIED NASSAU COUNTY POLICE OFFICERS, and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS, all sued in their capacity as individuals,

                             Defendants.
------------------------------------------------------------------x

**MEMORANDUM & OPINION**

20-CV-4287
(Donnelly, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

      Plaintiff Rafael Ramirez ("Mr. Ramirez" or "Plaintiff") brings this civil rights action against the County of Nassau; Nassau County Detective Frank Leckler; Nassau County Lieutenant John Papadakis, and unidentified Nassau County Policers (collectively, "Nassau County Defendants") along with The City of New York and unidentified New York City Police Officers (collectively, "City Defendants"), asserting claims for deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendment of the United States Constitution, and New York State law. *See* Dkt. No. 1 ("Compl.").

      Plaintiff now moves to amend his complaint to, *inter alia*, substitute Mr. Ramirez with Anny Ramirez as the proper administrator of Mr. Ramirez's estate. The proposed First Amended Complaint is set forth at Dkt. No. 78-1 ("FAC").

      For the reasons set forth below, Plaintiff's Motion to Amend the Complaint is **GRANTED**.

I.   **Background**

   A.   **Relevant facts**

The following facts are derived from Plaintiff's original Complaint and the proposed First Amended Complaint.  *See* Dkt. No. 1, 78-1.

On April 21, 2020, Mr. Ramirez was located at a service station off the Horace Harding Expressway in Corona, New York.  Compl. ¶ 23.  Between approximately 11:45 p.m. and 12:00 a.m. on April 21, 2020, Mr. Ramirez was "intentionally rammed" by a police-issued motor vehicle.  *Id.*  The police vehicle is alleged to have been operated by one of the Nassau County Defendants or the City Defendants.  *See* FAC ¶ 23.  Mr. Ramirez purports to have been "crush[ed] between the front of the RMP and a gas pump"—sustaining severe injuries and multiple fractures.  *Id.*

After being struck, Mr. Ramirez alleges that the individual defendants present on the scene "tackled [him] extremely forcefully to the ground, handcuffed him, and thereafter stood with a knee and/or foot on his neck while he was handcuffed and restrained, and dragged him across the pavement."  FAC ¶ 25.  Mr. Ramirez alleges that he was not taken directly to an emergency room thereafter.  *Id.* ¶ 26.  Instead, the defendants "drag[ged] Plaintiff into" a police vehicle and took him to a Nassau County Police Department precinct for interrogation.  *Id.*  Mr. Ramirez purports to have sustained additional injuries on his trip to the precinct—alleging that officers "kick[ed], prod[ded], drag[ged], and squeez[ed] [his] injured limbs."  *Id.* at ¶ 27.

At the precinct, Mr. Ramirez alleges that he was not given immediate medical treatment.  *Id.* at ¶ 29.  Instead, he was interrogated "for hours" while in "severe pain pleading for medical help."  *Id.*  The defendants present at the precinct allegedly refused to provide Mr. Ramirez with medical treatment "until he gave them a written statement."  *Id.*  Once the individual defendants obtained a written statement, they "finally summoned" an ambulance to take Mr. Ramirez to a

hospital. *Id.*

Mr. Ramirez underwent "an ORIF[1] surgical procedure" for the repair of fractures sustained by his ankle. *Id.* at 30. From defendants' purported actions, Mr. Ramirez endured "extreme pain," suffered from "fractured bones," is "scarred," and has been severely harmed "physically, emotionally, and otherwise." *Id.* at ¶ 31. Further, Mr. Ramirez alleges that the individual defendants' failure to render immediate medical treatment resulted in the exacerbation of his injuries and a significant increase of his "pain and suffering." *Id.* at ¶ 32.

### B.     Procedural history

Plaintiff filed his Complaint on September 14, 2020. Dkt. No. 1. On September 17, 2020, summonses were issued as to all defendants. Dkt. No. 8. On October 6, 2020, Nassau County Defendants and City Defendants were served. Dkt. Nos. 10-13. On October 23, 2020, Magistrate Judge James Orenstein, then assigned to this matter, imposed "additional obligations" on the parties and—in relevant part—ordered that "the City's counsel must provide to the Plaintiff the names, shield numbers, and proper service addresses of all individual officers involved in, or present at the scene of, the incident at issue in this litigation." *See* Text Order dated October 23, 2020. On November 2, 2020, the parties entered into a protective order for the production of documents. *See* Dkt. No. 18; Text Order dated November 2, 2020 (granting Dkt. No. 18).

Following an initial conference held on January 6, 2021 before then-Magistrate Judge Ramon E. Reyes, the parties exchanged Rule 26 initial disclosures and medical authorizations. *See* Dkt. No. 23; *see also* Transcript of January 31, 2024 Status Conference, Dkt. No. 81, at 3-5 (affirming that initial disclosures were received by Plaintiff from Nassau County Defendants on

---

[1] The Court understands the acronym "ORIF" to mean "Open Reduction Internal Fixation." *See e.g. Balodis v. Leavitt,* 704 F. Supp. 2d 255, 257 (E.D.N.Y. 2010) (defining "ORIF").

October 16, 2020 and from City Defendants on September 15, 2021).

On May 28, 2021, the parties requested an extension of time to complete discovery citing, in part, "unusual difficulty in obtaining hospital records for [P]laintiff and "defendants' difficulty in identifying and locating documents responsive to [P]laintiff's document demands." Dkt. No. 23. On the same date, Judge Reyes granted this request and ordered that amended pleadings be filed by August 25, 2021. *See* Text Order dated May 28, 2021.

The parties jointly sought an extension, citing difficulties in completing paper discovery; this request was also granted by Judge Reyes. *See* Dkt. No. 25; Text Order dated July 28, 2021.

Following a telephonic conference held on October 27, 2021, Judge Reyes directed the parties to file a revised Case Management Statement for the Court's review. *See* Minute Entry dated October 27, 2021. The parties complied and filed a revised Case Management Statement on October 28, 2021, which was granted by Judge Reyes, setting a discovery deadline on June 15, 2022. *See* Dkt. No. 28; Text Order dated October 29, 2021.

Following another request for an extension of discovery to September 13, 2022 (which was granted), the Court scheduled a status conference on August 17, 2022 so the parties can "provide an update on discovery and whether an extension is needed." *See* Dkt. No. 31; Text Order dated February 4, 2022, Text Order dated June 28, 2022, Dkt. No. 40; Text Order dated August 8, 2022.

The Court held a status conference on August 17, 2022. *See* Minute Entry dated August 17, 2022. Counsel for all parties appeared. *Id.* At the conference, Plaintiff noted that with discovery "largely complete," there is enough information to amend the Complaint. *See* Transcript of August 17, 2022 Status Conference, Dkt. No. 82 at 4-5. Plaintiff represented that, on July 30, 2022, a proposed Amended Complaint and a stipulation to amend were circulated to the parties for their consent. *Id.*

Nassau County, on behalf of the defendants named in the original complaint, "stipulated to the amendment" but noted that "either way, whether it's a new filing or amendment," the newly-named defendants are "going to have to be served." Dkt. No. 82 at 9.  Defendant City of New York, however, objected to the filing of an Amended Complaint solely on futility grounds. *Id.* at 6-7.  Defendant City of New York's futility objection was solely based on the idea that videos of the incident refute the purported defendant's liability for Mr. Ramirez's denial of medical treatment claim. *Id.*  Judge Reyes rejected the City's argument as a premature "merits" argument that can only be evaluated at the close of discovery. *Id.* at 9.  Judge Reyes clarified that valid futility objections at this juncture would relate to the expiration of a statute of limitations or the potential inapplicability of the relation-back doctrine. *Id.* at 10.  Judge Reyes further clarified that Plaintiff remains within the statute of limitations noting that it is unclear why the City objected to "an amendment to bring an officer in a claim that is within the statute of limitation when [Plaintiff] can judge turn around and file a separate case." *Id.* at 6.  But given the City's objection, Judge Reyes ordered Plaintiff to file a motion to amend the complaint and set a briefing schedule for the City's response to Plaintiff's motion. *Id.* at 10, 13.  Judge Reyes also found persuasive that an amended complaint, if granted, would not require a lengthy extension of discovery as relevant paper discovery has largely been exchanged. *Id.* at 10-12.  Judge Reyes ordered Plaintiff and Nassau County Defendant to file a pre-motion letter on the amended complaint by September 2, 2022. *Id*. at 13-14; Minute Entry dated August 17, 2022.  The City's deadline to oppose the amended complaint was September 13, 2022. *Id.*

On August 31, 2022, Plaintiff's counsel advised the Honorable Ann M. Donnelly, United States District Judge, that Mr. Ramirez died on August 31, 2022. Dkt. No. 41.  Plaintiff requested that a stay be imposed in this matter to ascertain whether his successors wish to continue litigating

5

this matter. *Id.* Judge Donnelly granted Plaintiff's motion to stay, directing counsel to file a status report by November 1, "informing the court of whether the plaintiff's child will be pursuing this litigation." *See* Text Order dated September 1, 2022.

On November 1, 2022, Plaintiff represented to the Court that guardianship petition had begun in Surrogate's Court. Dkt. No. 43. Between November 2022 and May 19, 2023, Plaintiff kept the Court apprised of the status of the surrogate proceedings. Dkt. Nos. 44-48.

On May 19, 2023, Plaintiff advised the Court that the Surrogate's Court proceedings were completed and, upon receipt of certain papers, Plaintiff will move to lift the stay. Dkt. No. 48.

On June 1, 2023, Plaintiff advised the Court that such papers have been received and filed a motion to amend the Complaint. Dkt. No. 50.

On June 2, 2023, Judge Reyes granted Plaintiff's motion to amend the Complaint, ordered Plaintiff to file an Amended Complaint by June 9, 2023, and scheduled a telephonic conference for June 26, 2023. *See* Text Order dated June 2, 2023.

On June 8, 2023, Plaintiff filed an Amended Complaint naming Catherine Infante as administratrix of the estate of Mr. Ramirez along with newly named defendants New York City Policer Officer Eugene Coughlin, Nassau County Detectives Michael Guerra, Jonathan Panuthos, Dennis Wunsch, Damien Suarez, Frank Leckler, and Nassau County Police Officers Raymond Buttacavoci and Donald Johnson. *See* Dkt. No. 51. Summonses were issued as to all newly-named Defendants. Dkt. Nos. 52-67.

On June 26, 2023, Judge Reyes held a telephonic status conference. *See* Minute Entry dated June 26, 2023. Counsel for all parties appeared. *Id.* Judge Reyes expressed concern that, as a threshold matter, the Court was unsure of whether Plaintiff possessed appropriate papers from the Surrogate's Court proceeding clearly indicating that Catherine Infante was permitted to

6

proceed on behalf of Mr. Ramirez's estate. *See* Transcript of Conference dated June 26, 2023, Dkt. No. 87. Specifically, the Court required proof that Letters of Administration were properly obtained from the Surrogate's Court identifying the successors of Mr. Ramirez's estate. *Id.* at 2-3, 11-12. Should Plaintiff obtain the requisite Letters of Administration outlining that Mr. Ramirez's successor has "legal authority to maintain [his] claims," Judge Reyes directed Plaintiff to substitute the appointed administrator. *Id.* at 11-12. No Defendant objected to the Court's request—indeed, City Defendants noted that this would be the "cleaner" route procedurally. *Id.* at 11. Judge Reyes ordered that the stay imposed on September 1, 2022 be maintained, that Plaintiff seek Letters of Administration from the Surrogate's Court, "delay service of the amended complaint," and that Plaintiff move to file an Amended Complaint curing this "technical" deficiency. *Id*. at 11-12; *See* Minute Entry dated June 26, 2023. On July 26, 2023 and August 3, 2023, Plaintiff submitted status reports apprising the Court of his ongoing efforts to obtain Letters of Administration. Dkt. Nos. 69-70.

On November 9, 2023, this matter was reassigned to the undersigned. Following additional status reports (Dkt. Nos. 70, 75-77), Plaintiff advised the Court on January 9, 2024 that "Anny Ramirez received limited letters of administration for the estate of the decedent." Dkt. No. 77. Plaintiff further informed the Court that an Amended Complaint was forthcoming, consistent with the Judge Reyes' Order dated June 26, 2023. *Id.*

### C. Plaintiff's Motion to Amend the Complaint

On January 16, 2024, Plaintiff filed a Motion to Amend the Complaint. Dkt. No. 78. In addition to the substitution of Anny Ramirez—who is Mr. Ramirez's mother and recipient of Letters of Administration—as the administrator of Mr. Ramirez's estate, Plaintiff seeks to name New York City Police Officer Eugene Coughlin and Nassau County Detectives Michael Guerra,

7

Jonathan Panuthos, Dennis Wunsch, and Damien Suarez, along with Nassau County Police Officers Raymond Buttacavoci and Donald Johnson as additional defendants in this action. Dkt. No. 78-1. Plaintiff attached a proposed First Amended Complaint to his motion. Dkt. No. 78-1.[2]

On January 22, 2024, Nassau County Defendants file an opposition to Plaintiff's Motion to Amend the Complaint, arguing that Plaintiff's motion to amend is futile as "the claims against the proposed additional defendants are untimely and there is no basis for an equitable toll." Dkt. No. 79. Nassau County Defendants assert that, as the incident occurred on April 21, 2020, the statute of limitations for Plaintiff's Section 1983 claims—being three years under federal law and one year and ninety days under state law—expired on July 20, 2021 for the state law claims and April 21, 2023 for the federal claims. *Id.* at 1. Nassau County Defendants further argue that neither the relation-back doctrine nor equitable tolling apply here. *Id.* While Nassau County Defendants admit that Plaintiff does not seek to avail himself to the relation-back doctrine, it argues that equitable tolling should not apply here, as Plaintiff has failed to show that he acted with the reasonable diligence required to obtain the rare and exceptional remedy of equitable tolling. *Id.* at 1-2. Nassau County Defendant argues that, since initial disclosures identifying each of the Nassau County detectives and officers have been provided to Plaintiff since October 2020, Plaintiff failed to exercise due diligence in moving to amend.

Defendant City of New York opposed Plaintiff's Motion to Amend the Complaint on

---

[2] The Court notes that although Plaintiff filed an Amended Complaint on June 8, 2023 (Dkt. No. 50), the Amended Complaint never superseded the original Complaint (Dkt. No. 1) because the Complaint was never served per Judge Reyes's Order dated June 26, 2023. *See* Transcript of Conference dated June 26, 2023, Dkt. No. 87, at 11-12; Minute Entry dated June 26, 2023. While "it is well established that an amended pleading ordinary supersedes the original and renders it of no legal effect," the original complaint "is not superseded until the amended complaint is served." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 669 (2d Cir. 1977) (citations omitted); *Wells Fargo Bank, N.A. v. Ullah*, No. 13-cv-485, 2015 WL 3735230, at *8 (S.D.N.Y. June 15, 2015) ("A complaint is superseded by an amended complaint when the latter is properly served.").

similar grounds, stating that Plaintiff "did not pursue his rights diligently and in fact was in possession of Officer [Eugene] Coughlin's identity long before the relevant statute of limitation expired." Dkt. No. 80.

On January 31, 2024, oral arguments were held before the undersigned on Plaintiff's Motion to Amend the Complaint. The Court clarified that initial disclosures bearing the names of the individual defendants seeking to be added to this litigation were produced to Plaintiff on October 16, 2020 by Nassau County Defendant and April 11, 2022 by City Defendant. *See* Transcript of Status Conference dated January 31, 2024, Dkt. No. 81.

## II. Discussion

### A. Legal standards

Pursuant to Fed. R. Civ. P. 15, "[t]he court should freely give leave [to amend] when justice so requires," making sure to interpret the rule liberally in favor of amendment so as to enable disputes to be resolved on the merits whenever possible. *See* Fed. R. Civ. P. 15(a)(2); *Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012) (holding that leave to amend is entrusted to the court's discretion); *Assam v. Deer Park Spring Water, Inc.*, 163 F.R.D. 400, 404 (E.D.N.Y. 1995). "Rule 15(a)(2) is a lenient standard, and the Court is to "freely give leave when justice so requires." *Borozny v. Raytheon Techs. Corp., Pratt & Whitney Div.*, No. 3:21-CV-1657 (SVN), 2023 WL 7037523, at *2 (D. Conn. Oct. 26, 2023) (citing *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 1112 (2022)). "If the [movant] has at least colorable grounds for relief, justice ... require[s]" that the court grant leave to amend a complaint. *Golden Trade, S.r.L. v. Jordache*, 143 F.R.D. 504, 506 (S.D.N.Y.1992) (quoting *S.S. Silberblatt v. East Harlem Pilot Block–Building 1 Hous. Dev. Fund Co., Inc.*, 608 F.2d 28, 42 (2d Cir.1979)). Although Fed .R. Civ. P. 15(a) generally governs the amendment of complaints, where

9

the proposed amendment seeks to add new parties, Fed. R. Civ. P. 21 governs. *Rush v. Artuz*, 2001 WL 1313465, at *5 (S.D.N.Y., Oct. 26, 2001). Rule 21 states that "[p]arties may be ... added by order of the court on motion of any party ... at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21.

Generally, leave to amend pleadings under Fed. R. Civ. P. 15 shall only be denied "if there is delay, bad faith, futility, or prejudice to the non-moving party." *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In determining futility, the test is whether "the proposed claim could not withstand a Fed. R. Civ. P 12(b)(6) motion to dismiss." *Salazar v. Browne Realty Assocs., L.L.C.*, 796 F. Supp. 2d 378, 383 (E.D.N.Y. 2011) (citing *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

Before applying this test, however, the Court notes that it is well-established in the Second Circuit that "[t]he burden of proving futility rests on the party opposing the amendment." *Eliya, Inc. v. Steven Madden, Ltd.*, No. 15-CV-01272 (DRH) (SIL), 2017 WL 8794774, at *5 (E.D.N.Y. Feb. 2, 2017), *report and recommendation adopted*, 2017 WL 1190943 (E.D.N.Y. Mar. 30, 2017); *Zuppardi's Appizza, Inc. v. Tony Zuppardi's Appiza, LLC*, No. 3:10-CV-1363, 2012 WL 1067652, at *1 (D. Conn. Mar. 30, 2012); *see Lumetrics, Inc. v. Bristol Instruments, Inc.*, 101 F. Supp. 3d 264, 270 (W.D.N.Y. 2015) ("In sum, [the opposing party] has failed to meet its burden to demonstrate that an amendment would be futile...."); *Copantitla v. Fiskardo Estiatorio, Inc.*, No. 09-CV-1608, 2010 WL 1327921, at *3 (S.D.N.Y. Apr. 5, 2010) (internal quotation marks omitted) (holding that when a party objects to a motion to amend on futility grounds, "the moving party must merely show that it has at least colorable grounds for relief"); *Blaskiewicz v. Cty. of Suffolk*, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998) ("The party opposing such amendment has the burden of establishing that leave to amend would be prejudicial or futile."); *Harrison v. NBD Inc.*, 990 F.

10

Supp. 179, 185 (E.D.N.Y. 1998) ("The party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial or futile.").

### B. The First Amended Complaint

"Federal courts apply the state law statute of limitations for personal injury actions for claims under Sections 1983 and 1985, and in New York that statute of limitations is three years." *Raghunath v. New York*, No. 23-CV-4622 (HG) (LB), 2024 WL 328806, at *4 (E.D.N.Y. Jan. 28, 2024) (citing *Paige v. Police Dep't of City of Schenectady*, 264 F.3d 197, 199, n.2 (2d Cir. 2001) ("The statute of limitations for actions brought pursuant to §§ 1983 and 1985 is three years"); *Rivera v. City of New York*, No. 20-CV-9968 (GHW), 2022 WL 1523165, at *4 (S.D.N.Y. May 13, 2022) ("Section 1983 does not provide a specific statute of limitations. Thus, courts apply the statute of limitations for personal injury actions under state law. Section 1983 actions filed in New York are therefore subject to a three-year statute of limitations."). The statute of limitations for Plaintiff's federal claims would have originally expired on April 21, 2023—three years after the date of the April 21, 2020 incident at issue here.

Additionally, Plaintiff's state law assault, battery, and neligence claims are governed by a statute of limitations of one year and ninety days. *James Daly, Plaintiff, v. The Incorporated Village of Port Jefferson, et al., Defendants.*, No. 2:23-CV-09179 (GRB) (JMW), 2024 WL 730497, at *2 (E.D.N.Y. Feb. 21, 2024). The statute of limitations for Plaintiff's state law claims would have originally expired on July 20, 2021.

The original Complaint was filed on September 14, 2020. Dkt. No. 1. A stay of discovery was imposed on September 1, 2022 upon the death of Mr. Ramirez and was lifted upon Plaintiff's representation, on January 9, 2024, that Letters of Administration had been obtained. *See* Dkt. No. 42; Text Order dated September 1, 2022. That stay of discovery tolled the statute of limitations.

11

*See, e.g., Cole v. Miraflor*, No. 99-CV-977 (RWS), 2001 WL 138765, *6 (S.D.N.Y. Feb.19, 2001) (describing how "the limitations period was equitably tolled during the stay of discovery"); *Selph v. Nelson, Reabe & Snyder, Inc.*, 966 F.2d 411, 413 (8th Cir. 1992) ("A stay tolls the statute of limitations . . ."), *cert. denied*, 506 U.S. 1000 (1992).

Importantly, "[w]here parties are ordered or agree by stipulation to suspend proceedings during the pendency of legal proceedings, the time during which a party is prevented from obtaining legal relief is *not* counted for purposes of statutes of limitations." *Zambrano v. Strategic Delivery Sols., LLC*, No. 15-CV-8410 (ER), 2022 WL 3369597, at *7 (S.D.N.Y. Aug. 16, 2022) (quoting *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 199 (S.D.N.Y. 2006)) (emphasis added). The stay of discovery thus tolled the statute of limitations for one year, four months, and eight days. *Id.* (granting equitable tolling of the statute of limitations for the stay period); *Javier H. v. Garcia-Botello*, 239 F.R.D. 342, 347 (W.D.N.Y. 2006) (calculating remaining length of statute of limitations period following a stay of discovery). Therefore, Plaintiff's statute of limitations on his federal claims has not yet expired; indeed, in light of the stay, it will not expire until May 18, 2025. This fact alone renders Defendants' equitable tolling argument unavailing.

In any event, while the Court credits Defendants' argument as to due diligence, this Court does not find that Plaintiff's delay in amending the Complaint after obtaining productions from Defendants amounts to a failure to exercise due diligence. As to Nassau County Defendants, although approximately two years elapsed between when Plaintiff purportedly received productions from Nassau County Defendants (October 16, 2020) and when Plaintiff sought leave to amend (August 17, 2022), the parties were engaged throughout that period in further discovery and document exchanges—each seeking joint extensions of discovery citing production issues faced by both Plaintiff and Defendants alike. *See, e.g.* Dkt. No. 23, 28, 31.

Further, this Court addressed this exact concern with the parties during oral arguments held on January 31, 2024. *See* Transcript of Oral Arguments dated January 31, 2024. During oral arguments, Plaintiff clarified that, while the documents produced in October 2020 did bear the names of the individual detective and officers, such productions contained no information about the nature of each officer's involvement and role during the date of the incident. Transcript of January 31, 2024 Oral Argument, at 11. Indeed, Plaintiff sought to specifically name the individual (or individuals) involved in striking Mr. Ramirez with a car. *Id.* Doing so would prevent Plaintiff from "su[ing] everybody" that "showed up" at the scene of the incident—which the purported productions (Dkt. No. 79-1, 79-2) reflected. At this juncture, the Court finds that the delays in this case cannot in good faith be borne solely by Plaintiff—especially since Plaintiff clearly relied on Defendants' productions, at least in part, to ascertain the correct identities of the pertinent individual defendants.

But, even if Plaintiff *did* delay in moving to amend prior to the imposition of the stay, there is no genuine basis for finding that such delay was "undue." Regarding whether Plaintiff has a "valid excuse" for the delay, "[a]lthough some explanation must be provided to excuse a delay, even vague or 'thin' reasons are sufficient, in the absence of prejudice or bad faith.'" *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 80 (E.D.N.Y. 2011) (citing *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 97-98 (S.D.N.Y.2010) (quotations in original) (citations omitted).

Moreover, delay alone, in the absence of bad faith or prejudice, is not a sufficient reason for denying a motion to amend. *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) ("Prejudice to opposing party is the most important factor and the most frequent reason for denying leave to amend) (quotations and citations omitted). Thus, even if the Plaintiff had ascertained the individual defendant's identities from the Defendants' earlier productions, absent bad faith or

13

prejudice to the Defendants, it would not constitute grounds for denying the motion to amend. *See Duling*, 265 F.R.D. at 99 (S.D.N.Y.2010) ("Although defendants appear to be correct that plaintiffs' counsel was aware of [the party to be added's] potential role since early 2005, defendants do not explain how this delay prejudices them [and] [b]ecause delay alone is insufficient to deny a motion to amend, ... [and] defendants have not demonstrated any prejudice, plaintiffs' delay in seeking to add [the new defendant] is not a sufficient basis to deny plaintiffs' motion [to amend].").

Here, aside from arguing that equitable tolling should not be granted, neither Defendant argues that granting Plaintiff's Motion to Amend the Complaint would pose an unfair prejudice. Indeed, Nassau County Defendants appeared to have stipulated and agreed to the addition of the new individual defendants during the Discovery Conference held on August 17, 2022. *See* Transcript of August 17, 2024 Status Conference, at 9. Nassau County's s only note at the time was that Plaintiff should ensure that each new defendant is properly served—which Plaintiff would have been required to do nonetheless. City Defendant's objection at the time as to futility fared no better in front of Judge Reyes. *Id.* at 6. While City Defendant now argues that it did not make other objections at the time because the statute of limitation had not yet elapsed (Dkt. No. 86), this argument remains unavailing as this Court has determined that Plaintiff's statute of limitations has *still* not elapsed in light of the stay of discovery. Therefore, this Court finds that Plaintiff is entitled to amend the Complaint.

**III.  Conclusion**

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Amend. Plaintiffs shall file the First Amended Complaint by March 8, 2024. The stay of discovery imposed on September 1, 2022 is hereby lifted *nunc pro tunc* as of January 9, 2024. A separate order shall

14

issue scheduling a status conference to discuss next steps in discovery in light of the filing of the First Amended Complaint.

        **SO ORDERED.**

Dated:        Brooklyn, New York
                March 4, 2024

                                          */s/ Joseph A. Marutollo*
                                        JOSEPH A. MARUTOLLO
                                        United States Magistrate Judge