UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK       20 cv 4287 AMD JAM
-------------------------------------------------------------------X   **AMENDED COMPLAINT**
ANNY RAMIREZ as                    **JURY TRIAL DEMANDED**
ADMINISTRATOR OF THE EXTATE OF HER
DECEASED SON RAFAEL RAMIREZ
                             Plaintiff,

        -against-

THE COUNTY OF NASSAU, THE CITY OF NEW
YORK, NEW YORK CITY POLICE OFFICER EUGENE COUGHLIN,
NASSAU COUNTY DETECTIVE MICHAEL GUERRA,
NASSAU COUNTY DETECTIVE JONATHAN PANUTHOS,
NASSAU COUNTY DETECTIVE DENNIS WUNSCH,
NASSAU COUNTY DETECTIVE DAMIEN SUAREZ,
NASSAU COUNTY DETECTIVE FRANK LECKLER,
NASSAU COUNTY POLICE OFFICER RAYMOND BUTTACAVOCI,
NASSAU COUNTY POLICE OFFICER DONALD JOHNSON and
UNIDENTIFIED NASSAU COUNTY POLICE OFFICERS and UNIDENTIFIED
NEW YORK CITY POLICE OFFICERS all sued
in their capacity as individuals,
                             Defendants.
-------------------------------------------------------------------X

   ANNY RAMIREZ as ADMINISTRATOR OF THE EXTATE OF HER

DECEASED SON RAFAEL RAMIREZ by her attorney, Fred Lichtmacher of the Law Office of

Fred Lichtmacher P.C. complaining of the defendants herein, respectfully allege as follows.

   This civil rights action arises from the unjustified use of excessive force, denial of

medical care, battery, assault and negligence by the defendants Nassau County, City of New

York, as well as Nassau County and New York City police officers.

## JURISDICTION AND VENUE

   1.   Jurisdiction is founded upon the existence of a Federal Question.

   2.   This is an action to redress the deprivation under color of statute,

-1-

ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42U.S.C. § 1983 and the common law of the State of New York.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 (a) (3 & 4).

4. Venue is appropriate pursuant to 28 U.S.C. §1391(a) (1) (b) (1 & 2), because events forming the basis of this Complaint occurred first within the Borough of Queens.

5. This Court has jurisdiction to hear plaintiffs' state claims pursuant to 28 U.S.C. §1367.

## PARTIES

6. At all times hereinafter mentioned, plaintiff's decedent Rafael Ramirez, was a resident of the City County and State of New York as is ANNY RAMIREZ ADMINISTRATOR of the Estate of her Deceased son RAFAEL RAMIREZ.

7. Upon information and belief at all times hereinafter mentioned, defendant COUNTY OF NASSAU COUNTY, (hereinafter "NASSAU") was and still is a municipal corporation authorized and existing pursuant to the laws of the State of New York.

8. Upon information and belief, at all times hereinafter mentioned, defendant NASSAU, its agents, servants and employees operated, maintained and controlled the NASSAU COUNTY POLICE DEPARTMENT (hereinafter, the "NCPD"), which acts as its agent in the area of law enforcement and for which NASSAU is ultimately responsible.

9. Upon information and belief, at all times hereinafter mentioned, defendants the NASSAU COUNTY DETECTIVE MICHAEL GUERRA, NASSAU COUNTY DETECTIVE JONATHAN PANUTHOS, NASSAU COUNTY DETECTIVE DENNIS

WUNSCH, NASSAU COUNTY DETECTIVE DAMIEN SUAREZ, NASSAU COUNTY DETECTIVE FRANK LECKLER, NASSAU COUNTY POLICE OFFICER RAYMOND BUTTACAVOCI, NASSAU COUNTY POLICE OFFICER DONALD JOHNSON AND UNIDENTIFIED NASSAU COUNTY POLICE OFFICERS were acting as employees and within the scope of their employment by NASSAU and the NCPD and as state actors acting under color of state law, and are sued herein in their individual capacities.

10. Upon information and belief, at all times hereinafter mentioned, the CITY OF NEW YORK (hereinafter, "NYC") was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11. Upon information and belief, at all times hereinafter mentioned, defendant NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (hereinafter, the "NYPD"), which acts as its agent in the area of law enforcement and for which NYC is ultimately responsible.

12. Upon information and belief, at all times hereinafter mentioned, defendants NEW YORK CITY POLICE OFFICER EUGENE COUGHLIN and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS were acting as employees and within the scope of their employment by NYC and the NYPD and as state actors acting under color of law, and are sued herein in their individual capacities.

13. Defendants NASSAU and NYC are vicariously liable to the plaintiff for the defendant police officers' common law torts via the principle of *respondeat superior*.

14. This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments and under the Civil Rights Act, Title

42 of the United States Code, Section 1983 as well as under the common law of the State of New York.

15. All of the acts of the defendants and each of them alleged herein were done by the defendants, acting as state actors acting under color of law.

## CONDITIONS PRECEDENT

16. On or about June 12, 2020, and within ninety days after his claims arose, plaintiff RAFAEL RAMIREZ served and filed a Notice of Claim upon defendant NASSAU, by delivering true copies thereof to the person designated by law as a person to whom such claims may be served, and as of this date plaintiff's demand for payment has not been addressed by the defendants.

17. On or about June 12, 2020, and within ninety days after his claims arose, plaintiff RAFAEL RAMIREZ served and filed a Notice of Claim upon defendant NYC, by delivering true copies thereof to the person designated by law as a person to whom such claims may be served, and as of this date plaintiff's demand for payment has not been addressed by the defendants.

18. The aforementioned Notices of Claim were in writing and sworn to by the plaintiff, and contained the names and post office addresses where correspondence can be received by the plaintiff and by plaintiff's attorneys, the nature of the claims, the time when, the place where and manner by which the claims arose, and damages and injuries claimed to have been sustained.

19. To date, plaintiff's testimony pursuant to General Municipal Law §50-h has not been noticed or taken.

20. More than thirty (30) days have elapsed since the service of the aforementioned Notice of Claim and adjustment or payment thereof has been neglected or refused.

21. The state claims in this cause of action are commenced within one year and ninety (90) days of when these causes of action arose; and the federal claims are brought in a timely manner within three years of the date they accrued.

22. CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

## NATURE OF CLAIM

23. Upon information and belief, on April 21, 2020 between approximately 11:45 PM and 12:00 AM at the 7-Eleven/Hess Service Station located at 99-49 Horace Harding Expressway, Corona, New York 11368, the individual defendants, who upon information and belief, were members of either the NCPD or the NYPD, intentionally rammed a police issued motor vehicle (hereinafter, the "RMP") into the plaintiff, crushing him between the front of the RMP and a gas pump, and causing him severe injuries, including multiple fractures.

24. Upon information and belief, the foregoing incident required the preparation and submission of an MV-104 accident report to the New York State Department of Motor Vehicles within ten (10) days of the date of the incident; but no such accident report was prepared or filed by any of the defendants with respect to the foregoing collision.

25. Subsequent to the foregoing collision and with the intent of further causing injury to plaintiff, the individual defendants on the scene tackled plaintiff extremely forcefully to the ground, handcuffed him, and thereafter stood with a knee and/or foot on his

neck while he was handcuffed and restrained, and then dragged him across the pavement, without any necessity to use the extreme and unreasonable force the officers employed.

26. Upon information and belief, defendants were completely aware that plaintiff was severely injured; but rather than taking plaintiff directly to an emergency room, chose instead to drag plaintiff into an RMP and take him to an NCPD precinct for interrogation.

27. During the trip to the NCPD precinct, the officers intentionally further harmed the plaintiff by kicking, prodding, dragging and squeezing the plaintiff's injured limbs.

28. At the NCPD precinct, the severely injured plaintiff was interrogated for hours while in severe pain pleading for medical help.

29. Defendants refused to provide plaintiff with medical treatment until he gave them a written statement, after which defendants finally summoned an ambulance to take plaintiff to a hospital.

30. On April 21, 2020, plaintiff underwent an ORIF surgical procedure for the repair of fractures to his ankle.

31. By reason of the foregoing, plaintiff endured extreme pain, he suffered fractured bones, he is scarred, he was otherwise severely harmed physically, emotionally and otherwise.

32. By denying plaintiff immediate needed medical treatment, his injuries were exacerbated and his pain and suffering was significantly increased.

**AS AND FOR A FIRST, SEPARATE & DISTINCT
CAUSE OF ACTION
\*\*\*
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
THE USE OF EXCESSIVE AND UNREASONABLE FORCE**

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

34. Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was unlawfully subjected to excessive and unreasonable force, by the defendants, who intentionally struck plaintiff with an RMP.

35. The excessive force which the plaintiff was subjected to, was effected by defendants and each of them without authority of law and without any reasonable necessity to use the excessive and unreasonable force that was employed, and the amount of force employed was used without legal justification, without plaintiff's consent, with malice and with intent to inflict pain and suffering.

36. There was no reason to employ the excessive and unreasonable force employed by intentionally striking plaintiff with an RMP, tackling him, slamming him to the ground, standing on his neck, dragging his injured body across the pavement into defendants' RMP to take him for interrogation as well as injuring him further while he was handcuffed and in their RMP.

37. The individual police officers had no reason to use their RMP to strike the plaintiff, and they did so with malice and an intent to injure the plaintiff, which they succeeded in doing.

38. The actions by defendants and each of them caused plaintiff's decedent to sustain severe physical injuries, fractures, emotional harms, he has had medical treatment

including but not limited to ORIF surgery, and he was otherwise harmed.

39. By reason of the aforesaid, the plaintiff has been damaged in an indeterminate sum of not less than FIVE MILLION ($5,000,000.00) DOLLARS; and in addition, plaintiff is entitled to an award of punitive damages and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A SECOND, SEPARATE & DISTINCT CAUSE OF ACTION
***
### VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS VIA THE DEFENDANTS' DENIAL OF TIMELY MEDICAL CARE

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

41. Plaintiff's rights have been violated pursuant to the Fourth Amendment and Fourteenth amendments via the defendants' denying plaintiff prompt, necessary, medical care.

42. Defendants and each of them were aware that plaintiff's decedent had sustained severe physical injuries, including fractures, as a consequence of the aforementioned collision.

43. Defendants and each of them were aware that plaintiff was in significant pain following the aforementioned collision.

44. The actions and inactions by defendants and each of them caused plaintiff's decedent to suffer additional physical and emotional injuries, as well as pain.

45. By reason of the aforesaid, the plaintiff has been damaged in an

indeterminate sum of not less than FIVE MILLION ($5,000,000.00) DOLLARS; and in addition, plaintiff is entitled to an award of punitive damages in an indeterminate sum, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A THIRD, SEPARATE & DISTINCT CAUSE OF ACTION
***
### COMMON LAW BATTERY

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

47. Defendants NYC and NASSAU are liable for the individual defendants' battery of the plaintiff's decedent via the principal of *respondeat superior* in that the individual defendants made unconsented bodily contact with plaintiff, the bodily contact was made with intent, and such contact was offensive in nature.

48. The battery consisted of, but was not limited to, purposely striking plaintiff with an RMP, tackling plaintiff's decedent, slamming plaintiff's decedent into the ground, choking plaintiff's decedent by standing on plaintiff's decedent's neck and dragging the injured plaintiff's decedent across the pavement into an RMP as well as injuring him further while he was handcuffed and in the RMP.

49. As a direct result of the individual defendants' intentional behavior, NYC and NASSAU are liable to the plaintiff for a battery.

50. By reason of the battery, plaintiff's decedent was caused to sustain severe physical injuries, fractures, emotional harms, he has had medical treatment including but not limited to ORIF surgery and he was otherwise harmed.

51. By reason of the aforesaid, the plaintiff has been damaged in an indeterminate sum not less than FIVE MILLION ($5,000,000.00) DOLLARS.

**AS AND FOR A FOURTH, SEPARATE & DISTINCT
CAUSE OF ACTION
\*\*\***

**COMMON LAW ASSAULT**

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

53. Defendants NYC and NASSAU are liable for the individual defendants' common law tort of assault committed against plaintiff's decedent via the principal of *respondeat superior*.

54. Plaintiff's decedent was placed in an imminent apprehension of a harmful unconsented bodily contact.

55. By reason of the individual defendants' intentional behavior, NYC and NASSAU are liable to plaintiff's decedent for an assault, inasmuch as the plaintiff's decedent after he was already severely injured was made to fear an additional imminent offensive unconsented bodily contact which caused him to be emotionally harmed while already in great pain.

56. By reason of the aforesaid, the plaintiff has been damaged in an indeterminate sum not less than FIVE MILLION ($5,000,000.00) DOLLARS.

**AS AND FOR A FIFTH, SEPARATE & DISTINCT
CAUSE OF ACTION
\*\*\***

**COMMON LAW NEGLIGENCE/VIOLATION OF
NEW YORK STATE VEHICLE AND TRAFFIC LAW**

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

58. Upon information and belief, at all times hereinafter mentioned, defendant NASSAU was and still is the titled owner of a certain unmarked RMP which struck the plaintiff's decedent on April 21, 2020 between approximately 11:45 PM and 12:00 AM at the 7-Eleven/Hess Service Station located at 99-49 Horace Harding Expressway, Corona, New York, 11368.

59. Upon information and belief, at all times hereinafter mentioned, defendant NYC was and still is the titled owner of the RMP.

60. Upon information and belief, at all times hereinafter mentioned, defendant NASSAU managed the aforementioned RMP.

61. Upon information and belief, at all times hereinafter mentioned, defendant NYC managed the aforementioned RMP.

62. Upon information and belief, at all times hereinafter mentioned, defendant NASSAU maintained the aforementioned RMP.

63. Upon information and belief, at all times hereinafter mentioned, defendant NYC maintained the aforementioned RMP.

64. Upon information and belief, at all times hereinafter mentioned, defendant NASSAU controlled the aforementioned RMP.

65. Upon information and belief, at all times hereinafter mentioned, defendant NYC controlled the aforementioned RMP.

66. Upon information and belief, at all times hereinafter mentioned, defendant operated the aforementioned RMP.

67. Upon information and belief, at all times hereinafter mentioned, the aforementioned RMP was operated with the permission and consent, express or implied, of the owner of said vehicle.

68. Upon information and belief, on April 21, 2020 between approximately 11:45 PM and 12:00 PM, plaintiff's decedent was a pedestrian lawfully walking back to a vehicle in which he was previously a passenger which was parked in the vicinity of the gas pump bays of the 7-Eleven/Hess Service Station located at 99-49 Horace Harding Expressway, Corona, New York, 11368.

69. Upon information and belief, on April 21, 2020 between approximately 11:45 PM and 12:00 PM, the aforementioned RMP was being operated in the vicinity of the gas pump bays of the 7-Eleven/Hess Service Station located at 99-49 Horace Harding Expressway, Corona, New York, 11368.

70. Upon information and belief, on April 21, 2020 between approximately 11:45 PM and 12:00 PM, the aforementioned RMP was being operated at an excessive rate of speed by one or more of the defendants in the vicinity of the gas pump bays of the 7-Eleven/Hess Service Station located at 99-49 Horace Harding Expressway, Corona, New York, 11368.

71. Upon information and belief, on April 21, 2020 between approximately 11:45 PM and 12:00 AM at the7-Eleven/Hess Service Station located at 99-49 Horace Harding Expressway, Corona, New York, 11368, the aforementioned RMP owned, operated, maintained and controlled by one or more of the defendants struck the plaintiff's decedent, crushing him

between the front of the RMP and a gas pump, and causing plaintiff to sustain severe injuries, including multiple fractures.

72. The aforesaid occurrence and the resultant injuries sustained by the plaintiff's decedent were caused solely by reason of the negligent conduct of the defendants and each of them by and through their officers, agents, employees and/or subcontractors of the NYPD or NCPD who were engaged in the operation of the RMP motor vehicle.

73. In particular, it is alleged that the aforesaid occurrence and the resultant injuries sustained by plaintiff's decedent were caused by and through the negligence, carelessness, recklessness, intentional conduct and wanton disregard on the part of the defendants and each of them by and through their officers, agents, employees and/or subcontractors, including members of the NCPD and NYPD, as follows:

(a) In the ownership, management, operation, maintenance and control of the aforementioned RMP motor vehicle;

(b) In operating the aforementioned RMP motor vehicle in a careless and imprudent manner under the conditions then and there existing;

(c) In operating the aforementioned RMP motor vehicle at an excessive and dangerous rate of speed or at such rate of speed that care and caution would permit under the circumstances then and there existing;

(d) In operating the aforementioned RMP motor vehicle at an excessive and dangerous rate of speed or at such rate of speed that care and caution would permit under the circumstances then and there existing;

(e) In failing to equip the aforesaid RMP motor vehicle

with appropriate safety and emergency equipment in compliance with law;

(f) In failing to equip the aforementioned RMP motor vehicle with proper brakes; in failing to make proper application of the brakes; in failing to apply the brakes in time;

(g) In failing to look;

(h) In failing to see;

(i) In failing to stop;

(j) In failing to yield;

(k) In failing to observe the roadway;

(l) In failing to observe the parking and service station area;

(m) In failing to observe the service station gas pumps located within the parking and service station area;

(n) In failing to observe pedestrians in the parking and service station area;

(o) In failing to yield to pedestrians in the parking and service station area;

(p) In failing to regulate speed within a busy parking and service station area;

(q) In failing to maintain the aforesaid motor vehicle under due and proper control;

(r) In failing to sound horn or give any signal, notice or

warning;

(s) In permitting the vehicle to lose control and collide with a pedestrian; in purposely striking a pedestrian; in negligently or intentionally striking a pedestrian;

(t) In negligently or intentionally crushing Plaintiff between the front bumper of the subject vehicle and a service station pump;

(u) In failing to avoid striking Plaintiff although the operator had a full opportunity to avoid same;

(v) In fleeing from and/or leaving the scene of the foregoing occurrence after striking the Plaintiff;

(n) In failing to comply with the statutes, laws and ordinances made and provided for vehicular traffic on the highways of the State of New York;

(o) In failing to comply with the statutes, laws and ordinances made and provided for vehicular traffic on the highways of the City of New York;

(p) In failing to comply with the rules and regulations applicable to police or emergency vehicles promulgated by NYC, NASSAU, NCPD and/or NYPD;

(q) In failing to avoid a collision although the defendants and each of them by and through their officers, agents, employees and/or subcontractors had a full opportunity to avoid same; and

(r) In otherwise being careless, negligent and reckless in the happening of the aforesaid occurrence.

74. Plaintiff's decedent was in no way negligent in the happening of the aforesaid occurrence.

75. By reason of the negligence and recklessness of the defendants and each of them as aforesaid, plaintiff's decedent was caused to sustain serious and severe personal injuries which are permanent in nature; has been and will be, caused great pain and suffering; has been, caused to be rendered sick, sore, lame and disabled; has been caused to be incapacitated from his usual duties, activities and employment was caused to be incapacitated from his usual duties and activities.

76. By reason of the foregoing, plaintiff's decedent has sustained a serious personal injury greater than that as defined in Subdivision (d) of Section 5102 of The Insurance Law of The State of New York and has sustained a serious economic loss greater than that as defined in Subdivision (a) of Section 5102 of The Insurance Law of The State of New York.

77. By reason of the foregoing, plaintiff is entitled to recover for noneconomic loss and for all economic losses sustained.

78. By reason of the aforesaid, the plaintiff has been damaged in an indeterminate sum not less than FIVE MILLION ($5,000,000.00) DOLLARS.

**WHEREFORE**, plaintiff demands judgment against the defendants and each of them, as follows:

1. Declaratory relief finding that plaintiff's rights under the United States Constitution were violated;

2. Compensatory damages to plaintiff in an amount to be determined at trial

in the sum of not less than FIVE MILLION ($5,000,000.00) DOLLARS;

3. By reason of the wanton, willful and malicious character of the conduct

complained of herein, punitive damages against the individual defendants in an amount to be

determined by the trier of fact;

4. An award to plaintiff of the costs and disbursements herein;

5. An award of attorneys' fees under 42 U.S.C. §1988; and

6. A trial by jury of all issues set forth in this complaint; and such other and

further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
January 16, 2024

                                             /s/
                                      FRED B. LICHTMACHER FL-5341
                                      The Law Office of Fred Lichtmacher P.C.
                                      Counsel for Plaintiff
                                      RAFAEL RAMIREZ
                                      116 West 23rd Street Suite 500
                                      New York, New York 10011
                                      (212) 922-9066

TO: THE COUNTY OF NASSAU - Legal Division
240 Old Country Road
Mineola, New York 11501
THE CITY OF NEW YORK
100 Church Street
New York, New York 10007
NASSAU COUNTY DETECTIVE MICHAEL GUERRA,
NASSAU COUNTY DETECTIVE JONATHAN PANUTHOS,
NASSAU COUNTY DETECTIVE DENNIS WUNSCH,
NASSAU COUNTY DETECTIVE DAMIEN SUAREZ,
NASSAU COUNTY DETECTIVE FRANK LECKLER,
NASSAU COUNTY POLICE OFFICER RAYMOND BUTTACAVOCI,
NASSAU COUNTY POLICE OFFICER DONALD JOHNSON
and UNIDENTIFIED NASSAU COUNTY POLICE OFFICERS
1490 Franklin Avenue

Mineola, NY 11501
NEW YORK CITY POLICE OFFICER EUGENE COUGHLIN and
UNIDENTIFIED NEW YORK CITY POLICE OFFICERS
c/o THE CITY OF NEW YORK
1 Police Plaza
New York, New York 10007