UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAFAEL RAMIREZ,

                    Plaintiffs,

          -against-

THE COUNTY OF NASSAU, THE CITY OF NEW
YORK, NEW YORK CITY POLICE OFFICER EUGENE
COUGHLIN, NASSAU COUNTY DETECTIVE
MICHAEL GUERRA, NASSAU COUNTY DETECTIVE
JONATHAN PANUTHOS, NASSAU COUNTY
DETECTIVE DENNIS WUNSCH, NASSAU COUNTY
DETECTIVE DAMIEN SUAREZ, NASSAU COUNTY
DETECTIVE FRANK LECKLER, NASSAU COUNTY
POLICE OFFICER RAYMOND BUTTACAVOCI,
NASSAU COUNTY POLICE OFFICER DONALD
JOHNSON and UNIDENTIFIED NASSAU COUNTY
POLICE OFFICERS and UNIDENTIFIED NEW YORK
CITY POLICE OFFICERS all sued in their capacity as
individuals,

                    Defendants.

**ANSWER TO
AMENDED COMPLAINT**

20-CV-4287 (AMD)(JAM)

          Defendants County of Nassau and Frank Leckler, by their attorneys, Sokoloff Stern LLP,

as and for their Answer to Plaintiff's Amended Complaint respond as follows:

          A.          Deny the allegations set forth in unnumbered paragraph preceding section

Jurisdiction and Venue of the Amended Complaint.

          1.          Deny the allegations set forth in paragraph "1" of the Amended Complaint, except

admit that plaintiff purports to assert jurisdiction as stated.

          2.          Deny the allegations set forth in paragraph "2" of the Amended Complaint.

          3.          Deny the allegations set forth in paragraph "3" of the Amended Complaint, except

admit that plaintiff purports to assert jurisdiction as stated.

          4.          Deny the allegations set forth in paragraph "4" of the Amended Complaint, except

admit that plaintiff purports that venue is proper.

5.      Deny the allegations set forth in paragraph "5" of the Amended Complaint, except admit that plaintiff purports jurisdiction is proper.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Amended Complaint.

7.      Admit the allegations set forth in paragraph "7" of the Amended Complaint.

8.      Deny the allegations set forth in paragraph "8" of the Amended Complaint except admit that the Nassau County Police Department is a department within the County of Nassau.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Amended Complaint, except admit that Michael Guerra, Dennis Wunsch, Damien Suarez, Raymond Buttacavoci, Donald Johnson, and Frank Leckler were at certain points in time employees of the County of Nassau and refer all questions of law to the Court for adjudication.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Amended Complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Amended Complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Amended Complaint.

13.     Deny the allegations set forth in paragraph "13" of the Amended Complaint.

14.     Deny the allegations set forth in paragraph "14" of the Amended Complaint.

15.     Deny the allegations set forth in paragraph "15" of the Amended Complaint, and respectfully refer all questions of law to the Court for adjudication.

16.     Deny the allegations set forth in paragraph "16" of the Amended Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth paragraph "17" of the Amended Complaint.

18.     Deny the allegations set forth paragraph "18" of the Amended Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Amended Complaint.

20.     Deny the allegations set forth paragraph "20" of the Amended Complaint, except admit this matter was not settled.

21.     Deny the allegations set forth paragraph "21" of the Amended Complaint.

22.     Deny the allegations set forth paragraph "22" of the Amended Complaint, and respectfully refer all questions of law to the Court for adjudication.

23.     Deny the allegations set forth in paragraph "23" of the Amended Complaint.

24.     Deny the allegations set forth in paragraph "24 of the Amended Complaint, and respectfully refer all issues of law to the Court.

25.     Deny the allegations set forth in paragraph "25" of the Amended Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Amended Complaint.

27.     Deny the allegations set forth in paragraph "27" of the Amended Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Amended Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Amended Complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Amended Complaint.

31.     Deny the allegations set forth in paragraph "31" of the Amended Complaint.

32.     Deny the allegations set forth in paragraph "32" of the Amended Complaint.

33.     In response to the allegations set forth in paragraph "33" of the Amended Complaint, defendants repeat and reallege the responses to paragraphs "1" through "32" of this Answer as if fully set forth herein.

34.     Deny the allegations set forth in paragraph "34" of the Amended Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Amended Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Amended Complaint.

37.     Deny the allegations set forth in paragraph "37" of the Amended Complaint.

38.     Deny the allegations set forth in paragraph "38" of the Amended Complaint.

39.     Deny the allegations set forth in paragraph "39" of the Amended Complaint.

40.     In response to the allegations set forth in paragraph "40" of the Amended Complaint, defendants repeat and reallege the responses to paragraphs "1" through "39" of this Answer as if fully set forth herein.

41.     Deny the allegations set forth in paragraph "41" of the Amended Complaint.

42.     Deny the allegations set forth in paragraph "42" of the Amended Complaint.

43.     Deny the allegations set forth in paragraph "43" of the Amended Complaint.

44.     Deny the allegations set forth in paragraph "44" of the Amended Complaint.

45.     Deny the allegations set forth in paragraph "45" of the Amended Complaint.

46.     In response to the allegations set forth in paragraph "46" of the Amended Complaint, defendants repeat and reallege the responses to paragraphs "1" through "45" of this Answer as if fully set forth herein.

47.     Deny the allegations set forth in paragraph "47" of the Amended Complaint.

48.     Deny the allegations set forth in paragraph "48" of the Amended Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Amended Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Amended Complaint.

51.     Deny the allegations set forth in paragraph "51" of the Amended Complaint.

52.     In response to the allegations set forth in paragraph "52" of the Amended
Complaint, defendants repeat and reallege the responses to paragraphs "1" through "51" of this
Answer as if fully set forth herein.

53.     Deny the allegations set forth in paragraph "53" of the Amended Complaint.

54.     Deny the allegations set forth in paragraph "54" of the Amended Complaint.

55.     Deny the allegations set forth in paragraph "55" of the Amended Complaint.

56.     Deny the allegations set forth in paragraph "56" of the Amended Complaint.

57.     In response to the allegations set forth in paragraph "57" of the Amended
Complaint, defendants repeat and reallege the responses to paragraphs "1" through "56" of this
Answer as if fully set forth herein.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in paragraph "58" of the Amended Complaint.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in paragraph "59" of the Amended Complaint.

60.     Deny the allegations set forth in paragraph "60" of the Amended Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in paragraph "61" of the Amended Complaint.

62.     Deny the allegations set forth in paragraph "62" of the Amended Complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in paragraph "63" of the Amended Complaint.

64.     Deny the allegations set forth in paragraph "64" of the Amended Complaint.

65.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Amended Complaint.

66.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Amended Complaint.

67.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Amended Complaint.

68.    Deny the allegations set forth in paragraph "68" of the Amended Complaint.

69.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the Amended Complaint.

70.    Deny the allegations set forth in paragraph "70" of the Amended Complaint.

71.    Deny the allegations set forth in paragraph "71" of the Amended Complaint.

72.    Deny the allegations set forth in paragraph "72" of the Amended Complaint.

73.    Deny the allegations set forth in paragraph "73" of the Amended Complaint and all of its sub-parts.

74.    Deny the allegations set forth in paragraph "74" of the Amended Complaint.

75.    Deny the allegations set forth in paragraph "75" of the Amended Complaint.

76.    Deny the allegations set forth in paragraph "76" of the Amended Complaint and respectfully refer all questions of law to the Court for adjudication.

77.    Deny the allegations set forth in paragraph "77" of the Amended Complaint.

78.    Deny the allegations set forth in paragraph "78" of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

79.    The Amended Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

80.     The alleged acts or omissions of the answering defendants herein, and/or any agents, servants or employees, under the case of *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), do not create vicarious liability against the County of Nassau pursuant to the doctrine of respondeat superior and consequently the County of Nassau cannot be liable for any acts or conduct of any individual defendant herein, and/or agents, servants or employees with respect to any or all claims brought pursuant to 42 U.S.C. Section 1983.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

81.     The actions complained of herein were in full accord with the applicable law.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

82.     The answering defendants have not violated plaintiff's constitutional and statutory rights.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

83.     At all times referenced in the Amended Complaint, the police officers, and/or agents, servants or employees of defendant County of Nassau, having anything to do with plaintiff in the performance of their respective duties as police officers, peace officers, and/or agents, servants or employees of the defendant County of Nassau at all times acted in good faith, without malice, and with reasonable and proper cause in the lawful exercise of their discretion.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

84.     Any force used by the answering defendants in effectuating the arrest of plaintiff was reasonable, justified, necessary, and proper to overcome the Plaintiff's unlawful resistance.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

85.     Plaintiff's claims are barred by the applicable statutes of limitations, and the doctrines of equitable estoppel and relation back are inapplicable.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

86.     Plaintiff has not complied with §§ 50-e, 50-i, and 50-h of the General Municipal

Law of the State of New York.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

87.     Plaintiff has failed to exhaust all available administrative remedies.

**AS AND FOR AN TENTH AFFIRMATIVE DEFENSE**

88.     Plaintiff's claims are barred by the doctrines of *collateral estoppel* and *res*

*judicata*.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

89.     Defendants are entitled to absolute, qualified, discretionary, governmental, and all

other immunities available under the law.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

90.     Should plaintiff recover damages as a result of a finding of liability in whole or in

part against the answering defendants, such recovery should be reduced and diminished to the

degree of comparative negligence of plaintiff in contributing to such damage.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

91.     If plaintiff and/or plaintiff's decedent sustained the damages as alleged in the

Amended Complaint, such damages were sustained solely through and by virtue of the negligent

reckless and/or wrongful conduct of the plaintiff and/or plaintiff's decedent without any

negligence reckless and/or wrongful conduct of the answering defendants, their agents, servants

or employees contributing thereto; and, if it is determined that plaintiff is entitled to recovery

herein as against answering defendants, such recovery should be apportioned between plaintiffs

and answering defendants according to their relative responsibility therefore.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

92.    Plaintiffs and/or plaintiffs' decedent failed to mitigate, obviate, diminish, or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Amended Complaint.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

93.    Punitive damages may not be recovered against the County of Nassau as a matter of law.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

94.    Defendant Frank Leckler did not violate any clearly established constitutional rights of which a reasonable would have known and therefore is entitled to qualified immunity.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

95.    Upon information and belief, the costs incurred, or paid by plaintiff and/or plaintiff's decedent, if any, for medical care, dental care, custodial or rehabilitation services, loss of earnings or other economic loss, in the past or future, were or will, with reasonable certainty be replaced or indemnified, in whole or in part, from a collateral source of the type described in CPLR § 4545 and the answering defendants are entitled to have any award reduced in the amount of such payments.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

96.    At all times relevant to the acts alleged in the Amended Complaint, defendants, their agents, officials, and employees acted reasonably, properly, and in the lawful exercise of their discretion.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

97.    If any liability is found as against any of the answering defendants, their liability

will constitute fifty percent (50%) or less of the liability assigned to all parties liable and, as such, the liability of the answering defendants to plaintiffs for non-economic loss shall be limited, and shall not exceed that answering defendant's equitable share in accordance with CPLR Article 16.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

98.    If plaintiffs shall have judgment and/or verdict in their favor over and against defendants, defendants shall be entitled to all rights, remedies, and offsets in accordance with New York General Obligations Law Article 15, and the judgment and/or verdict shall be precluded, modified, offset, and/or reduced by any and all sums or consideration paid or promised to plaintiffs by any parties claimed to be liable for the injuries and/or damages alleged, whether or not they are currently named as defendants, to the extent of the greater of either the sum or consideration paid or promised to plaintiffs or the amount of the released tortfeasor's equitable share of the liability and damages.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

99.    Plaintiff's decedent had unclean hands.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

100.    Plaintiffs are not entitled to punitive damages, as the answering defendants' conduct was not morally culpable such as to support such a claim.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

101.    Any purported use of force by defendants, their agents, officials, and/or employees was reasonable, necessary, and justified under the circumstances.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

102.    This Court lacks subject matter jurisdiction over plaintiffs' state law claims.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

103.    All hazards and risks incident to the circumstances set forth in the Amended Complaint were obvious and apparent, and were readily assumed by plaintiffs.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

104.    Any injury alleged to have been sustained resulted from plaintiff's and/or plaintiffs' decedent's own culpable or negligent conduct, or the culpable or negligent conduct of third parties, and was not the proximate result of any act of the answering defendants.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

105.    Defendant County of Nassau's policies and practices conform to all applicable legal standards and were administered in a manner consistent with plaintiffs' and plaintiffs' decedent's constitutional rights.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

106.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has it violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

107.    Plaintiff's injuries were not proximately caused by any statutory violation by these answering defendants.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

108.    Defendants did not breach any duty owed to the plaintiff and/or plaintiff's decedent.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

109.    Plaintiff's claims are barred by the emergency doctrine.  Due to the sudden and

11

unexpected actions of the plaintiff, co-defendant, an as yet unidentified party or other emergency, the answering defendants were left without time to contemplate or weigh alternative courses of action and therefore cannot reasonably be held to the standard of care required of one who has had a full opportunity to reflect and therefore were not negligent.

<b>AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE</b>

110.    Defendants are entitled to the immunity pursuant to § 1104 of the Vehicle and Traffic Law.

<b>AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE</b>

111.    Upon information and belief, plaintiff's decedent did not sustained a "serious injury" within the meaning of § 5102, *et seq.* of the Comprehensive Motor Vehicle Insurance Reparations Act.

WHEREFORE, defendants respectfully request an Order dismissing the Amended Complaint in its entirety, with prejudice, costs to the answering defendants, and such other and further relief as this Court deems just and proper.

Dated: Carle Place, New York
      March 19, 2024

SOKOLOFF STERN LLP
*Attorneys for Defendants*
*County of Nassau and Frank Leckler*

By: _____
Steven C. Stern
179 Westbury Avenue
Carle Place, New York 11514
(516) 334-4500
File No: 210139

TO:    *Via ECF*

The Law Office of Fred Lichtmacher P.C.
*Attorneys for Plaintiff*
116 West 23rd Street, Floor 5
New York, New York 10011

City of New York Law Department
*Attorneys for Defendant City of New York*
100 Church Street
New York, New York 100074
Attn. Amy Robinson, Asst. Corporation Counsel