UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x

RAFAEL RAMIREZ,

                                      Plaintiffs,

-against-

THE COUNTY OF NASSAU, THE CITY OF NEW YORK, NEW YORK CITY POLICE OFFICER EUGENE COUGHLIN, NASSAU COUNTY DETECTIVE MICHAEL GUERRA, NASSAU COUNTY DETECTIVE JONATHAN PANUTHOS; NASSAU COUNTY DETECTIVE DENNIS WUNSCH, NASSAU COUNTY DETECTIVE DAMIEN SUAREZ, NASSAU COUNTY DETECTIVE FRANK LECKLER, NASSAU COUNTY POLICE OFFICER RAYMOND BUTTACAVOCI, NASSAU COUNTY OFFICERS and  UNIDENTIFIED NEW YORK CITY POLICE OFFICERS all sued in their capacity as individuals.,

                                      Defendants.

------------------------------------------------------- x

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANTS THE CITY OF NEW YORK AND EUGENE COUGHLIN**

20-CV-4287 (AMD)(JAM)

Jury Trial Demanded

        Defendants City of New York and Eugene Coughlin ("defendants"), by their attorney, Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for their answer to the amended complaint, on information and belief, respectfully:

        1. Deny the allegations in paragraph "1" of the amended complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        2. Deny the allegations in paragraph "2" of the amended complaint, except admit that plaintiff brings this action as stated therein.

        3. Deny the allegations in paragraph "3" of the amended complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

4. Deny the allegations in paragraph "4" of the amended complaint, except admit that plaintiff purports to base venue in this district as stated therein.

5. Deny the allegations in paragraph "5" of the amended complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "6" of the amended complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "7" of the amended complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "8" of the amended complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "9" of the amended complaint.

10. Deny the allegations in paragraph "10" of the amended complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

11. Deny the allegations in paragraph "11" of the amended complaint, except admit that the City of New York maintains a police department and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "12" of the amended complaint, except admit that, on or about April 21, 2020, Officer Coughlin was employed by the City of New York as a police officer, and further state that whether Officer Coughlin was on duty acting within the scope of their employment is a legal conclusion to which no response is required.

13. Deny the allegations in paragraph "13" of the amended complaint.

14. Deny the allegations in paragraph "14" of the amended complaint.

15. Deny the allegations in paragraph "15" of the amended complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "16" of the amended complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "17" of the amended complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "18" of the amended complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "19" of the amended complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "20" of the amended complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "21" of the amended complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "22" of the amended complaint.

23. Deny the allegations in paragraph "23" of the amended complaint.

24. Deny the allegations in paragraph "24" of the amended complaint.

25. Deny the allegations in paragraph "25" of the amended complaint.

26. Deny the allegations in paragraph "26" of the amended complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "27" of the amended complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "28" of the amended complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "29" of the amended complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "30" of the amended complaint.

31. Deny the allegations in paragraph "31" of the amended complaint.

32. Deny the allegations in paragraph "32" of the amended complaint.

33. In response to the allegations in paragraph "33" of amended complaint, defendants repeat the responses in the preceding paragraphs as if fully set forth herein.

34. Deny the allegations in paragraph "34" of the amended complaint.

35. Deny the allegations in paragraph "35" of the amended complaint.

36. Deny the allegations in paragraph "36" of the amended complaint.

37. Deny the allegations in paragraph "37" of the amended complaint.

38. Deny the allegations in paragraph "38" of the amended complaint.

39. Deny the allegations in paragraph "39" of the amended complaint.

40. In response to the allegations in paragraph "40" of amended complaint, defendants repeat the responses in the preceding paragraphs as if fully set forth herein.

41. Deny the allegations in paragraph "41" of the amended complaint.

42. Deny the allegations in paragraph "42" of the amended complaint.

43. Deny the allegations in paragraph "43" of the amended complaint.

44. Deny the allegations in paragraph "44" of the amended complaint.

45. Deny the allegations in paragraph "45" of the amended complaint.

46. In response to the allegations in paragraph "46" of amended complaint, defendants repeat the responses in the preceding paragraphs as if fully set forth herein.

47. Deny the allegations in paragraph "47" of the amended complaint.

48. Deny the allegations in paragraph "48" of the amended complaint.

49. Deny the allegations in paragraph "49" of the amended complaint.

50. Deny the allegations in paragraph "50" of the amended complaint.

51. Deny the allegations in paragraph "51" of the amended complaint.

52. In response to the allegations in paragraph "52" of amended complaint, defendants repeat the responses in the preceding paragraphs as if fully set forth herein.

53. Deny the allegations in paragraph "53" of the amended complaint.

54. Deny the allegations in paragraph "54" of the amended complaint.

55. Deny the allegations in paragraph "55" of the amended complaint.

56. Deny the allegations in paragraph "56" of the amended complaint.

57. In response to the allegations in paragraph "57" of amended complaint, defendants repeat the responses in the preceding paragraphs as if fully set forth herein.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "58" of the amended complaint.

59. Deny the allegations in paragraph "59" of the amended complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "60" of the amended complaint.

61. Deny the allegations in paragraph "61" of the amended complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "62" of the amended complaint.

63. Deny the allegations in paragraph "63" of the amended complaint.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "64" of the amended complaint.

65. Deny the allegations in paragraph "65" of the amended complaint.

66. Deny the allegations in paragraph "66" of the amended complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "67" of the amended complaint.

68. Deny the allegations in paragraph "68" of the amended complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "69" of the amended complaint.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "70" of the amended complaint.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "71" of the amended complaint.

72. Deny the allegations in paragraph "72" of the amended complaint.

73. Deny the allegations in paragraph "73" of the amended complaint, and all its subparts.

74. Deny the allegations in paragraph "74" of the amended complaint.

75. Deny the allegations in paragraph "75" of the amended complaint.

76. Deny the allegations in paragraph "76" of the amended complaint.

77. Deny the allegations in paragraph "77" of the amended complaint.

78. Deny the allegations in paragraph "78" of the amended complaint.

### **FIRST AFFIRMATIVE DEFENSE:**

79. The amended complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

80. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE:

81. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the culpable or negligent conduct of others and was not the proximate result of any act of defendant.

## FOURTH AFFIRMATIVE DEFENSE:

82. Plaintiff cannot obtain punitive damages as against The City of New York.

## FIFTH AFFIRMATIVE DEFENSE:

83. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

## SIXTH AFFIRMATIVE DEFENSE:

84. There was probable cause for plaintiff's arrest, detention, and prosecution.

## SEVENTH AFFIRMATIVE DEFENSE:

85. Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

## EIGHTH AFFIRMATIVE DEFENSE:

86. At all times relevant to the acts alleged in the amended complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

**NINTH AFFIRMATIVE DEFENSE:**

87. Plaintiff has failed to mitigate his alleged damages.

**TENTH AFFIRMATIVE DEFENSE**:

88. Eugene Coughlin did not violate any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore, is entitled to qualified immunity.

**WHEREFORE,** defendants City of New York and Eugene Coughlin request judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 30, 2024

        HON. SYLVIA O. HINDS-RADIX
        Corporation Counsel
        of the City of New York
        *Attorney for Defendant City and Eugene Coughlin*
        100 Church Street
        New York, New York 10007
        (212) 356-3518

        *Amy Robinson*

By:    _____
        Amy Robinson
        *Senior Counsel*
        Special Federal Litigation Division

To: All Counsel (by ECF)