Fred Lichtmacher
The Law Office of Fred Lichtmacher PC
159 West 25th Street Room 510
New York, NY 10001
(212) 922-9066
empirestatt@aol.com

March 6, 2025

Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Ramirez v. The County of Nassau, et al.*
Docket No. 20-CV-04287 (AMD) (JAM)

Your Honor:

     I represent the Plaintiff, Anny Ramirez, in this civil rights action regarding the intentional ramming of her now deceased son, Rafael Ramirez, by a vehicle driven by Defendant Detective Guerra, and the denial of necessary medial care by both Guerra and his co-Defendants Detective Jonathan Panuthos, Dennis Wunsch, Damien Suarez, Frank Leckler, Police Officer Raymond Buttacavoli and Donald Johnson, who all witnessed Plaintiff's decedent's obvious inability to walk and his complaining vehemently of being in great pain after the vehicle rammed him. In the alternative, Ramirez pleads a negligence cause of action for the car accident. Ramirez had a Left tibia fracture and a left calcaneus fracture which required surgery which was performed on April 22, 2020. (Exh "3" Operative Report; ¶56.1 104).

     A simple viewing of Plaintiff's Exhibit "1" shows conclusively that Guerra drove his vehicle directly at Mr. Ramirez and intentionally turned his vehicle towards him to strike him causing his injury. (Exh. "1" at 34 seconds). Guerra was driving a black unmarked Acura with Panuthos in the passenger seat. (56.1 ¶21). With numerous officers on the scene there was no reason to drive at Mr. Ramirez to arrest him. (Exh. "1"). Mr. Ramirez was not alleged to have committed a violent crime nor was he a threat while walking through the gas station.

     **PLAINTIFF'S CLAIM OF BEING SUBJECTED TO EXCESSIVE FORCE**
     Determining whether the force used was unreasonable, and therefore excessive, requires "careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Brown v. City of New York, 798 F.3d 94, 100 (2d Cir. 2015) (quoting Graham, 490 U.S. at 396 (internal quotation marks omitted)). This balancing requires close examination of the totality of the circumstances in each particular case, including whether the suspect poses a threat to the safety of others, resists or attempts to evade arrest, and the severity of the crime at issue. Id. (citing Graham 490 U.S. at 396).

(Kalamaras v County of Nassau, 2019 US Dist LEXIS 159465, at *31 [EDNY Sep. 16, 2019, No.

17-cv-1068 (SFJ)(ARL)])

    The Defendants have not in any way demonstrated that Ramirez, on foot and not alleged to be armed, posed a threat making it necessary to use the brutal act of violence they employed to effect his arrest. Nevertheless, as the video depicts, with several officers present instead of approaching him on foot, Guerra pursued him with his vehicle and rammed into him causing his serious injuries. That Guerra made no reasonable attempt to stop his vehicle is further demonstrated by the fact that his vehicle drove up onto the platform on which the gas pumps were located and did damage to a structure on the platform. As Guerra's vehicle mounted the platform he struck Ramirez, the metal enclosure, and the trash can. (Exh. "1" Exh. "2" the damaged trash can). While this is clearly an excessive force issue, in the alternative, it is at a bare minimum an act of negligence, which the Plaintiff also has pled.

### PLAINTIFF'S CLAIM OF DENIAL OF TIMELY MEDICAL CARE

    Plaintiff has stated a viable claim for the denial of timely medical care.

    A pretrial detainee's claim for deliberate medical indifference is analyzed under the Fourteenth Amendment. See <u>Bruno v. City of Schenectady</u>, 727 F. App'x 717, 720 (2d Cir. 2018); accord <u>Sims v. City of New York</u>, 788 F. App'x 62, 63 (2d Cir. 2019).To prevail on such a claim, a plaintiff must satisfy: (1) "an objective prong showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process;" and (2) a subjective prong "showing that the defendants acted with at least deliberate indifference to the challenged conditions." Sims, 788 F. App'x at 63 (internal quotation marks and alterations omitted).

    Extreme pain satisfies the first prong Bruno, 727 F. Apex at 720. Unfortunately Mr. Ramirez was never deposed prior to his passing, nor was a 50h conducted which the Defendants declined to perform while he was incarcerated. However, the video from Coughlin's body worn Camera demonstrates the Plaintiff was in enormous pain, and indicated that to Suarez. (Exh. "4"). As to the second prong, Defendants, while clearly aware Ramirez was injured and in extreme pain, brought him to the precinct to get a statement from him, rather than addressing his injuries. This was at a bare minimum the Defendants being deliberately indifferent, if not overtly sadistic to the point of justifying punitive damages.

    As for the Defendants not knowing Ramirez was injured, again turning to Exhibit "1" after Ramirez was struck by the vehicle, which all the Defendants allege they did not know happened, he can be seen barely able to stand after which he is tackled to the ground by Defendant Wunsch which is itself somewhat excessive under these circumstances. (56.1 ¶47). Ramirez took approximately two hobbling steps before he was tackled to the ground. (Exh. "1" 32-40 seconds). This video clearly depicts Ramirez' obvious extreme difficulty in walking. (Exhibit "1" 34-37 seconds). His difficulty in walking is further clearly demonstrated in Plaintiff's Exhibit "4", NYPD Officer Coughlin's body worn camera video. (Exhibit "4" at 38-56 seconds). Additionally, Suarez in his deposition identifies himself and Ramirez in the Coughlin video (Exh "6" 53:14-54:21) and admits that Ramirez was groaning)(Exh "6" 56:11-17). The groaning and complaining that he was struck by Guerra's car is clearly heard in the Coughlin video.

    The incident happened at approximately 11:40 pm. (56.1 ¶1). Defendants Buttacavoli and Johnson drove Ramirez to the Sixth precinct at Community Drive in Manhasset, New York and arrived at approximately 1:25 am on April 22, 2020. (56.1 ¶86). The Defendants did not call for

an ambulance until 4:56 AM, which then arrived at 5:01 AM. (56.1 ¶103)

Defendants' allege that the delay in getting Ramirez medical treatment was one hour and fifty minutes. This is blatantly incorrect. The incident occurred at approximately 11:40 pm on April 21, 2020. The Defendants did not call for an ambulance for Ramirez until 4:56 am, which arrived at 5:01 AM. (56.1 Statement at 1 & 103). This delay in seeking treatment for a man with broken bones and who is moaning loudly is over 5 hours.

Leckler interviewed Ramirez when he was brought to the precinct in Nassau County. (56.1 ¶ 82). It is clear, that the Defendants, due to seeking a conviction of a man they seriously injured, intentionally delayed getting him treatment to extract a statement from him while he was in pain.

### PLAINTIFF'S NEGLIGENCE CLAIM

While the videos make clear Guerra intentionally rammed Ramirez with his car, in the alternative Plaintiff brings a negligence action for the car accident.

### Conclusion

The excessive force claim is clearly a matter for the trier of fact to decide and cannot be properly decided on the papers. It's necessary for a jury to view the videos and decide what Guerra's intentions were.

As for the unfortunate Hines incident, it is simply not relevant to this matter, as it happened after Ramirez was struck and cannot be attributed to anything Ramirez did.

Respectfully submitted

/s/

Fred Lichtmacher